DOMINICK KENNEDY *vs.* WILLIAM LE VAN and others.

April 10, 1877.

**Common-law Dedication of Part of Continuous Highway—Evidence of Acceptance.**—When matter in dispute concerns a common-law dedication of an intermediate portion of a continuous line of road, it is competent, upon the question of acceptance by the public, to show highway work done on said road, on either side of such disputed portion, provided it is sufficiently near, under the circumstances of the case, to raise a reasonable presumption that it was done mainly in reference to the public use and beneficial enjoyment of such continuous line.

**Same—Work Done on Road by Owner of Fee Acting as Public Official.**—If the owner in fee of the lands, knowing such circumstances, causes such work to be done while in the exercise of an official authority giving him the right thus to act in behalf of the public, any evidence tending to show these facts may be given to the jury for their consideration upon the question of the intention of the owner in respect to the alleged dedication.

**Same—Acceptance Inferred from User.**—In its general charge the court instructed the jury that "an acceptance might be inferred by them from long use by the public as a highway." *Held,* not error, as applied to the facts of this case, and in the connection given.

**Same—Formal Acceptance by Town or County Unnecessary.**—A refusal to give the following request *held* not to be error, viz.: "To constitute a dedication of a highway, in this case, the land being in an organized township in this county, such dedication must have been accepted by the corporate authority of the town or county."

Action of trespass for entering on plaintiff's land, breaking down and destroying his fences, ploughing up and destroying his crops, digging ditches, and throwing up an embankment and roadway thereon, to plaintiff's damage in the sum of $500. Defence, that the place where the supposed trespasses were committed was at the time of their commission, and had long been, a public highway, duly dedicated to, and accepted by, the public; that the defendant Le Van was then and there one of the supervisors of the town of Marion, in which town the said land of plaintiff is situated, and the defendant O'Neil was overseer of highways of the road district in said town embracing said land and road, and they were acting as such officers,

v.23M—33

and the other defendants were acting under their orders, in mending and improving said highway, and that the acts done by them were prudent and necessary to mend said highway and remove obstructions therefrom.

At the trial in the district court for Olmsted county, before *Mitchell*, J., in May, 1876, it appeared that, as far back as 1859, a travelled track had existed across plaintiff's land at the place of the alleged road, and that this formed part of a continuous travelled track from Rochester to Pleasant Grove, a distance of fourteen miles. On behalf of the defendants one McCoy testified that, in 1860, he was working as pathmaster on this road, about twenty rods distant from plaintiff's land, and plaintiff, who was then a supervisor, required him to put in a culvert on the road. One Mackey also testified to work done by plaintiff in levelling and grading the road. The defendant Le Van testified to working on the road some ten or twelve years before the trial, but not on plaintiff's land. All this evidence was taken under objection and exception by plaintiff that the work was not done on his land. It appeared that the road ran very near plaintiff's residence, and there was evidence tending to prove that in early times the plaintiff furnished entertainment at his house for travellers. One St. George testified that about eighteen years before the trial, and at a time when the road ran west of plaintiff's house, the plaintiff asked him to sign a petition for the location of a road where the road in question was located, and afterwards told him that he (plaintiff) was going to lay out a road at that point. One Ostrander also testified that, in 1866, when he was commissioner to lay out a road from Rochester to Pleasant Grove, he called on plaintiff to settle upon the line of road, and plaintiff told him he was perfectly willing to have the road across his land where it then ran, provided the road were straightened for its entire length, and granted the privilege of laying the road there on that condition, claiming no damages, and therefore no damages

were assessed to him. One Harvey also testified that, some sixteen or seventeen years before the trial, the plaintiff had expressed a wish to him that the location of the road, which then ran on the hill west of his house, should be changed so as to run through the ravine where the road in question was situated. All this evidence was taken under objection and exception by plaintiff. The plaintiff introduced evidence tending to disprove the alleged dedication.

The court instructed the jury that an acceptance might be inferred from long use by the public as a highway; to which the plaintiff excepted, as well as to the refusal of the court to give the following instruction: ".To constitute a dedication of a highway, in this case, the land being in an organized township in this county, such dedication must have been accepted by the corporate authority of the town or county." The jury found for the defendants; a new trial was refused, and plaintiff appealed.

*Jones & Gove*, for appellant.

*Chas. C. Willson*, for respondents.

CORNELL, J. Whenever, as in the case at bar, the matter in dispute concerns a common-law dedication by the owner, and an acceptance by the public, of an intermediate portion of a continuous thoroughfare or line of road, evidence of the construction of any improvement, or the making of any repairs upon such line of road, under proper public authority and direction, on either side of the disputed portion, but sufficiently near, under the circumstances, to raise a reasonable presumption that they were done mainly in reference to the public use of the whole line, and could only be beneficially enjoyed in connection with such use, is clearly competent for the consideration of the jury upon the question of acceptance. *Scribner* v. *Blute*, 28 Wis. 148.

If any such improvement is procured to be made by such owner, with knowledge of such circumstances—especially if occupying, at the time, an official position giving him any right to act on behalf of the public in the premises, and he

makes use of his official authority to that end—evidence
thereof may also properly be received and submitted to the
jury upon the question of dedication, and the intent to dedi-
cate on the part of such owner.   Within these rules the
testimony received, against plaintiff's objection, in regard
to the construction of the culvert, and plaintiff's acts in
connection therewith, as well as the expenditure of highway
labor and money upon other portions of said continuous
line of road in close proximity to the *locus in quo*, was
clearly competent.

The conversation of plaintiff with witness St. George,
and also with witness Harvey, taken in connection with
the other evidence in the case, furnished some evidence in
regard to the intention of the plaintiff with reference to the
public use of the road, both as originally travelled and as
used after it was changed.   The testimony of witness
Ostrander, also, had a like bearing, and we see no error in
the rulings of the court in connection with any of this tes-
timony.

The remaining question to be considered arises upon excep-
tions taken to that portion of the charge of the court wherein
the proposition is advanced that, in a common-law dedication
of land to public use as a highway, " an acceptance may be
inferred by the jury from long use by the public as a high-
way," and to a refusal to charge that, " to constitute a
dedication of a highway in this case, the land being in an
organized township in this county, such dedication must
have been accepted by the corporate authority of the town
or county."

The case of *Phelps* v. *City of Mankato*, (*ante*, p. 276,)
recently before this court, and decided at the present term,
was an action wherein the city was sought to be charged on
account of negligence in not keeping a certain street within
its corporate limits in a safe and suitable condition for pub-
lic travel, whereby the plaintiff therein suffered injury and
damage.   The point was specifically raised and made in that

case, and overruled by this court, that such street had never been laid out, opened, or offered for public travel by any official authority, and the duty to keep it in safe condition did not attach until there had been some official action on the part of the municipal corporation making or recognizing such street. In the opinion of the court, as given in that case, it is said to be immaterial how the street became such, whether by formal official action of the city in accepting its dedication, or by acceptance by user on the part of the public, so far as concerned the duty of the city to keep it in safe condition.

The principle of this decision would seem to be decisive upon the point that, in a dedication at common law, as against the party making it, an acceptance may be shown by common user by the public, and that no action on the part of any municipal authority or body is necessary to the establishment of a highway by dedication; nor need any evidence be introduced of any such action in order to prove the fact of acceptance by the public. At the time when the highway in controversy in this case is claimed to have been dedicated and accepted, it is not pretended that any statutory provision existed making the acceptance of a dedication dependent upon the action of any municipal body or corporation, or in any way modifying the rules and principles of the common law governing in matters of this kind. The question presented, then, must be determined in accordance with those principles. The very nature of a common-law dedication, as applied to the establishment of public highways, implies the gift of an easement for travel to the entire public, which includes not only the citizens of the particular town wherein is located the land which is thus subjected to the easement, but the whole state. The acceptance essential to complete the dedication must be by, or for, the same public, and not by any part less than the whole. How it is to be proved is a question purely of evidence, and although any act done for the public upon such highway, by any

town or authority charged by law with the duty of taking care of the streets and highways, may be and is regarded as evidence to show an acceptance by the public—because, doubtless, of the presumption that, in the discharge of this duty, no town authority will permit highway work to be done, or money to be expended, upon other than lawfully established streets—yet it is only evidence of an acceptance, and not the acceptance itself, by the public. Though such evidence is strong, and perhaps, in most cases, controlling, it is difficult to perceive wherein it is of any greater weight, or more conclusive in its effect, than is the fact that the public itself has for a long time used the road as a highway, without objection. Such common user by the public is the very highest kind of evidence that the highway is one of common convenience and necessity, and therefore beneficial to it, from which fact an acceptance is presumed. *Guthrie* v. *Town of New Haven*, 31 Conn. 308. See, also, *Green* v. *Town of Canaan*, 29 Conn. 157; *Buchanan* v. *Curtis*, 25 Wis. 99.

As applicable to the testimony in the present case, the law was correctly given by the court in its general charge to the jury, and neither of the exceptions was well taken.

Judgment affirmed.