JOHN H. MORSE *vs.* GOTTLIEB ZEIZE.

July 15, 1885.

**Highway—Requisites of Common-Law Dedication.**—The requisites of a common-law dedication of land to a public use are, on the part of the land-owner, an intention to dedicate to such use, with an act or acts in pursuance thereof, and, on the part of the public, an acceptance.

**Same—Conduct of Land-Owner.**—What particular conduct on the part of the land-owner will make out a dedication is a conclusion of fact to be drawn from all the circumstances of the case.

**Same—Evidence.**—Enumeration and consideration of various kinds of evidence competent upon the matter of the intention and pursuant conduct of the land-owner, and of the public acceptance, when the controversy relates to an alleged dedication of land for a public highway.

Plaintiff brought this action in the district court for Steele county, to recover damages for trespass upon his land. The defendant pleaded that the *locus in quo* was a public highway. At the trial, before *Buckham*, J., the court instructed the jury that the evidence failed to show any laying-out of a highway by the proper authorities, (the evidence showing an incomplete and imperfect proceeding for that purpose,) or any grant or dedication other than a common-law dedication, and left to the jury the sole question whether the evidence proved a common-law dedication. The jury found for the defendant, a new trial was denied, and the plaintiff appealed. The nature of the evidence introduced by defendant is stated in the opinion.

*Wheelock & Sperry*, for appellant.

*A. C. Hickman*, for respondent.

BERRY, J. The requisites of a common-law dedication of land to a public use are, on the part of the land-owner, an intention to dedi-

cate to such use, with an act or acts in pursuance thereof, and, on the part of the public, an acceptance. *Wilder* v. *City of St. Paul,* 12 Minn. 116, (192;) *Brakken* v. *M. & St. L. Ry. Co.,* 29 Minn. 41; Washburn on Easements, *139. From the nature of the case no fixed rule can be laid down as to what particular conduct of the land-owner will make out a dedication on his part. It is a conclusion of fact to be drawn by a jury, under proper directions, from all the circumstances of the case in hand. *Harding* v. *Jasper,* 14 Cal. 643; 2 Greenl. Ev. § 662.

The inquiry is, did the land-owner intend that there should be a public highway at the place in question, and was that intention carried out or evinced by acts or conduct on his part in pursuance of it? Sometimes the intention is manifested by express declarations, oral or in writing. But ordinarily it is an inference from acts and conduct other than declarations. In such case the acts and conduct serve the double purpose of evidencing the intention and of carrying it out. Upon the matter of intention and conduct it is competent to show that the land-owner desired a public highway at or near the place in question, whether that desire be expressed by declarations or by efforts to secure the establishing of one there in any way. The fact that he *desired* the highway may well give character to other acts bearing or claimed to bear upon the question of intention. So it is competent to show that he invited or encouraged the public to use the place as a highway; as, for instance, by improving or fitting it for such use, or by treating it, and allowing the public to treat it, and enjoy and use it, as a necessary part of a travelled and convenient road, or, as it has been said, "with circumstances of publicity." *Regina* v. *Petrie,* 4 El. & Bl. 737.

So the time of such use and enjoyment may properly be considered as bearing upon the question of the land-owner's intention, and the significance of his acquiescence in the public use of his property. *Case* v. *Favier,* 12 Minn. 48, (89;) 2 Greenl. Ev. § 662; *City of Mankato* v. *Warren,* 20 Minn. 128, (144.) Great length of time is, however, not important; for, after all, the assent of the owner is the more material consideration. *Sultzner* v. *State,* 43 Ala. 24; *Harding* v. *Jasper, supra; Denning* v. *Roome,* 6 Wend. 651; Washburn on Ease-

ments, *139. As respects the time of the owner's assent, as bearing upon his intention and legal dedication, four to six years have been held sufficient. *Jarvis* v. *Dean,* 3 Bing. 447; *Regina* v. *Petrie, supra;* 2 Greenl. Ev. § 662.

For the purpose of showing the intention and pursuant conduct of the land-owner, it is competent to prove that he worked out his highway tax upon the alleged highway, or performed or suffered to be performed work upon it at public expense, or under the direction of the public authorities having charge of highways. *Brakken* v. *M. & St. L. Ry. Co., supra.* And the effect is in the same direction if the work was done upon the *line* of road of which the disputed land is a part, and on either side of it, if the place where it is done be sufficiently near or so related to the disputed land as to raise a reasonable presumption that the work was done with reference to the public use of the whole line, and could only be beneficially ~~engaged~~ in a substantial degree in connection with such use. *Kennedy* v. *Le Van,* 23 Minn. 513.

*Enjoy. &*

So it may be shown that the land-owner has recognized the highway, and acted upon the basis of its existence; as by making efforts to change or vacate it. Such conduct implies, with more or less force, that in his understanding there is a highway in existence. And in general it may be said that as the right of the public to the alleged highway depends largely upon the use of the land, with the owner's assent, for such time and under such circumstances that public accommodation and private rights might be materially affected by an interruption of its enjoyment, (*Case* v. *Favier, supra; Wilder* v. *City of St. Paul, supra; City of Mankato* v. *Warren, supra;* 2 Greenl. Ev. § 662,) evidence of such use, assent, time, circumstances, public accommodation, and private rights, and the effect of the interruption spoken of, is proper to be admitted and considered.

As regards acceptance by the public, "common user is the very highest kind of evidence that the highway is one of common convenience and necessity, and therefore beneficial to it," and from these facts an acceptance may well be presumed. *Kennedy* v. *Le Van, supra; Brakken* v. *M. & St. L. Ry. Co., supra.* A presumption of equal strength may well be drawn from an actual assumption of care and control of

the alleged highway by the public authorities, by grading, working, or bridging upon it. *Brakken* v. *M. & St. L. Ry. Co., supra;* Washburn on Easements, *157.

The foregoing general propositions substantially cover the case at bar, and we do not deem it necessary to take up the testimony and other proceedings of the trial in detail to show their application. While some of the evidence which we hold *competent* in cases of this kind, and such as was admitted upon the trial, may, standing alone, possess no, or very little, probative force, we think it germane to the controversy, and proper to be laid before the jury as part of the facts and circumstances of the subject of litigation. The questions of the intention of the land-owner, of the significance of his conduct in the premises, and of the public acceptance, are addressed in a rather unusual degree to the plain common sense of a jury, to their knowledge of human nature, and their observation of the way things are ordinarily done; and the evidence spoken of is of a character to furnish them, more or less, with the proper *data* upon which to exercise a sound practical judgment upon the issues before them. The jury were very fully, carefully, and guardedly instructed as to the rules of law applicable to the case, and in general as to the purposes for which the testimony was admitted. If, perchance, some testimony crept in which was immaterial and of no value, we think it cannot have substantially prejudiced the plaintiff. So far as we can see, the case was fairly put to the jury, and there is ample reason to sustain the verdict.

Order affirmed.