AUGUST JEPPSON v. CHARLES ALMQUIST.[1]

April 14, 1905.

Nos. 14,187—(10).[2]

**Highway.**

　　Action of trespass, in which the defense was that the locus in quo was a public highway. *Held*, that the evidence does not justify the finding and decision of the trial court that the place was not a public highway.

Appeal by defendant from a judgment of the district court for Dakota county entered pursuant to the findings and order of Crosby, J. Reversed and new trial granted.

*W. H. Gillett,* for appellant.

*Hodgson & Lowell,* for respondent.

START, C. J.

This is an action of trespass, originating in a justice court of the county of Dakota. It appearing on the trial from the evidence that the cause was one involving the title to real estate, it was certified to the district court of the county of Dakota. The complaint alleged that the plaintiff was the owner of the East ½ of the Northeast ¼ of section 29, township 114, range 16, and that on November 12, 1902, the defendant unlawfully and forcibly entered upon the land, and cut down a portion of the fence inclosing the same, to the damage of the plaintiff in the sum of $25. The answer alleged, in effect, that the plaintiff's land was subject to the easement of a public highway, that the place where the alleged trespass was committed was within the limits of the highway, and, further, that the defendant removed the fence in question from the highway in discharge of his duty as a public officer. The trial of the cause, which was by the court without a jury, resulted in findings of fact and conclusions of law to the effect that no part of the land was subject to the easement of a public highway, that the defendant unlawfully removed the fence, to the plaintiff's damage in the sum of one dollar, and that judgment accordingly be entered for him. It was so entered, from which the defendant appealed.

[1] Reported in 103 N. W. 10.　　　　　　　　[2] April, 1905, term.

The record presents only one question, namely, does the evidence justify the finding and decision that the locus in quo was not a public highway? We answer the question in the negative. No claim was made by the defendant that any highway was ever legally laid out by the formal action of the public authorities, but it is claimed by him that the undisputed evidence shows a highway by a common-law dedication, and also by adverse public use and repair thereof for more than the statutory period of six years.

The evidence, which was practically undisputed, establishes these facts: The alleged highway starts at a point in a public highway near the center of the west line of the southwest quarter of section 29 in the township of Ravenna, in the county of Dakota (Township 114, Range 16); thence running diagonally in a northeasterly direction through the plaintiff's land; thence to Etter, which is a railway station located at the mouth of a ravine in section 24 of the same town, and contains a church, schoolhouse, postoffice, station house, and other buildings; that the alleged highway is a continuous road, and has been traveled by the public for more than twenty-five years; that the plaintiff's land where the road crosses it is sandy, and somewhat barren, and until recent years was unoccupied; that prior to fifteen years ago the travel did not follow in the same track over the plaintiff's land, but for more than fourteen years last past the travel has followed in a single well-defined roadway; that during such fourteen years the highway has been continuously traveled by the public along such track without interruption or objection except that on July 3, 1902, a fence was built across the road by direction of the owner of the land; that the defendant, then one of the supervisors of the town, ordered the fence to be removed; the order was not complied with, and on November 12, 1902, the defendant removed the fence from the highway as an obstruction therein; and, further, that for at least six years next before the building of the fence the alleged highway had been kept in repair and worked and continually used and traveled as a public highway, but relatively only a small amount of the work was done on the part of the supposed highway which was on the plaintiff's land; such work was done on such parts of the road as was reasonably necessary to accommodate the travel over it.

The clear inference from these facts is that the place of the alleged

trespass was a public highway by both a common-law and statutory dedication thereof. Wilder v. City of St. Paul, 12 Minn. 116 (192); Morse v. Zeize, 34 Minn. 35, 24 N. W. 287; Ellsworth v. Lord, 40 Minn. 337, 42 N. W. 389; Klenk v. Town of Walnut Lake, 51 Minn. 381, 53 N. W. 703; Hansen v. Town of Verdi, 83 Minn. 44, 85 N. W. 906. It is true, in determining whether there was such a dedication, the character, situation, and value of the land, and the manner and extent of the public travel across it, must be considered. But the extent and manner of the uninterrupted public use, travel, and repair of the alleged highway for the past fifteen years were such, in our opinion, as to require a finding that the locus in quo was a public highway.

It follows that the finding of the trial court to the contrary is not sustained by the evidence, and that the judgment must be reversed, and a new trial granted. So ordered.

Judgment reversed and new trial granted.