ROSANNA DALLENBACH, Appellee, *vs.* R. D. BURNHAM *et al.* Appellants.

*Opinion filed February 25, 1911.*

1. EASEMENTS—*when a city acquires easement for street purposes by prescription.* Where the owner of a lot abutting upon a street erects his building some distance back of the street line, and the city uses the strip between the street and the building for street purposes for over twenty-five years, such strip becomes a part of the street by prescription, and the owner is not thereafter entitled to the use of the strip for his building.

2. SAME—*what does not preclude acquiring of a prescriptive right by city.* The facts that a portion of a strip of land between the street line and a building is occupied beneath the surface of the ground by footing stones for the building and that the cornice of the building overhangs the strip, do not show such antagonistic use of the strip by the owner of the building as precludes the city from acquiring a prescriptive use therein for street purposes.

3. SAME—*owner may use his property in any way not inconsistent with public easement.* Where property is subject only to a public easement the owner has a right to make any use of his property which he sees fit, provided such use is not inconsistent with the public easement.

APPEAL from the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding.

WALTER B. RILEY, H. LEONARD JONES, and OLIVER B. DOBBINS, for appellants.

THOMAS J. SMITH, and CHARLES R. IUNGERICH, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed in the circuit court of Champaign county by Rosanna Dallenbach, the appellee, against R. D. Burnham and others, the appellants, for an injunction to restrain the appellants, as the executors of the last will and testament of Albert C. Burnham, deceased, from encroaching with a building upon one of the streets of Champaign. A temporary injunction was issued. An answer was filed, to which exceptions were sustained, and the defendants having refused to amend their answer, a decree was entered making the injunction theretofore issued perpetual, and an appeal has been prosecuted to this court by the defendants.

It appears from the averments of the bill and answer that Main street, the principal business street in the city of Champaign, and which runs east and west, was originally laid out seventy feet in width between Walnut and Neil streets; that when the south frontage of said street was built upon, the business houses were uniformly set in about twenty inches from the street line, and that said twenty-inch strip had been in use as a part of Main street for twenty-five years. When Albert C. Burnham, the appellants' testator, built upon his lots, he used a part of said strip in which to place the footing stones for the front wall of his building, and the cornice on the building projected over the twenty-inch strip, and that use was all the use he made of said strip after his building was constructed. Appellee's property adjoins appellants' property on the west. Appellants were about to extend the front wall of the Burnham building out to the north line of said strip, and the injunction was made perpetual on the theory that the twenty-inch strip had become a part of Main street by prescription.

The main contention of the appellants is that the use of said strip was not exclusively in the city, as their testator was in possession of the part of said strip which was occu-

pied by the footing stones and cornice of his building, hence they argue the city could not acquire title thereto by prescription. The fee in said strip is not in the city. It only has an easement for street purposes therein. There was no joint use of the surface of the strip, and the fact that the testator of appellants was using a portion of the premises beneath the surface and above the surface of the ground for the footing stones and cornice of his building, which in no way interfered with the enjoyment of said strip by the city for street purposes, would not prevent the city from acquiring an easement for street purposes in said strip. In *Tacoma Safety Deposit Co.* v. *City of Chicago,* 247 Ill. 192, it was held the law is well settled that the owner of real estate, subject only to the public easement, has the right to use his property for any purpose which he may deem proper, so long as the use to which it is put does not interfere with the proper enjoyment of the easement which is held by the public therein. When the owners of lots on the south side of Main street between Walnut and Neil streets built upon their lots they placed their buildings back from the street line, and the city for more than the statutory period has used the strip adjoining the street line for street purposes. The use of his lots by appellants' testator, therefore, was in no way antagonistic to the rights of the city or in no way limited the use of the city in said strip for the purposes of a street. Clearly, therefore, after the lapse of twenty-five years, Albert C. Burnham or his executors had no right to build upon said strip. In *City of Chicago* v. *Wright,* 69 Ill. 318, it was held that where lands have been thrown open for public use and have been used by the public for a street for the statutory period, the public right in the premises for street purposes is established by prescription.

Finding no reversible error in this record the decree of the circuit court will be affirmed.     *Decree affirmed.*