## CATHERINE C. HOLMWOOD v. CITY OF DULUTH.[1]

### July 21, 1916.

### Nos. 19,678—(93).

**Municipal corporation — sidewalk on private property — liability of city to repair.**

The owner of a building fronting upon, but four feet back from, a

[1]Reported in 158 N. W. 827.

public street, in the construction of a sidewalk along the street line, extended the same over his private property and up to the building for the purpose of affording an approach thereto. It is *held,* that the record fails to show a duty on the part of the municipality to take charge of the extended walk, or to keep the same in repair, and that for an injury occurring by reason of a defect therein the municipality is not liable.

Action in the district court for St. Louis county to recover $5,000 for personal injury received while walking upon a defective sidewalk in defendant city. The case was tried before Ensign, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for $1,550. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*John E. Samuelson* and *Leonard McHugh,* for appellant.
*Benjamin M. Goldberg* and *J. A. P. Neal,* for respondent.

SCHALLER, J.

Action to recover damages for injuries received by plaintiff by reason of an alleged defective sidewalk in the city of Duluth, Minnesota. She had a verdict. Defendant appeals from an order denying its alternative motion for judgment or a new trial.

In 1902, a building was constructed by the owner of the property at the corner of Fifty-third avenue and Ramsey street in the city of Duluth. The building was designed in part as a flat for tenants and in part as a store, the northwest corner space thereof being prepared for the latter purpose, for which it was thereafter occupied. The building stood back from the line of both streets, about six feet from Fifty-third avenue, and four feet from Ramsey street, entrance to the store being from the latter street. Some time after the building had been completed the owner constructed a plank sidewalk along the Ramsey street front of the building. The walk was eight feet wide on the street, except immediately in front of the building, where it was extended back to the building on lines parallel with the outer walls thereof, being twelve feet wide between the east and west ends of the building. As so constructed the walk furnished direct connection with all the north entrances of the building.

The stringers supporting this walk were laid parallel with the street and twelve-foot planks were laid thereon. The south end thereof reached to the building. On the evening of April 17, 1915, plaintiff was going to the store, and upon stepping upon the walk immediately adjacent to the building a defective plank or stringer, by reason of its decayed condition, gave way and plaintiff was thrown and injured. There is no fair question that the defect complained of was in that part of the walk which was upon the private property of the owner of the building, and we dispose of the case upon this basis.

The assignments of error challenge certain instructions to the jury and the refusal of certain of defendant's requests. We think that substantially all of the assignments are well taken.

There is no evidence in the record that the municipal authorities ever authorized or approved of the construction of the walk in the manner stated, and no evidence sufficient to justify a finding that the city ever assumed control of or repaired or attempted to repair that portion of the walk between the lot line and the building. The city, was, therefore, under no legal obligation to take charge of the walk or to exercise care in keeping it in repair. The rule might be different had the city in fact assumed jurisdiction of that part of the walk and treated it as a part of the public thoroughfare. Moreover, the evidence is quite conclusive that the extension of the walk up to the building was solely for the purpose of affording an approach to the building for those having the right of access thereto. Clearly it was not intended as a part of the street sidewalk for the use of the public at large. In this state of the evidence it is clear that the learned trial court erred in several of the specific instructions, and in refusing some of defendant's requests. There can be no liability on the part of the city for the defect complained of, unless the public authorities had rightfully taken charge of this part of the walk and treated it as a part of the general sidewalk. The instructions of the court were at variance with this view, and the exceptions thereto must be sustained. It would serve no useful purpose to set out the parts of the charge held erroneous, or at variance with the view of liability above expressed.

The order denying a new trial is reversed and a new trial ordered. It is not a case for judgment.