IN THE MATTER OF APPLICATION OF JOHN A. STEES
TO REGISTER TITLE, ETC.

JOHN A. STEES COMPANY v. WILLIS F. REINHARDT
AND OTHERS.

CITY OF ST. PAUL, APPELLANT.[1]

May 9, 1919.

No. 21,180.

**Width of sidewalk — easement inside of platted lot line — user.**

The owner of a platted city block, surrounded by streets duly platted and dedicated to public use, set the business buildings erected thereon back five feet from the lot line, in order to afford a space for the display of goods. The streets were curbed eight feet from the lot line, and the public authorities ordered eight foot sidewalks laid. The owner laid these walks and extended them five feet further to the front walls of the business buildings. The city claims an easement for public travel in the five feet inside the lot lines. It is *held*:

(1) The evidence sustains the findings, to the effect that there was no intent to dedicate an easement beyond the lot line, and that the acts and conduct of the owner were not such as to require the inference of an intent to dedicate.

(2) The findings are also sustained to the effect that there was no acceptance of an easement for public travel beyond that granted by the plat.

(3) Public easement to the strip in question cannot be claimed by statutory user, for that requires both travel over and work upon the land to be acquired for six years.

(4) The evidence does not make a case of an easement by prescription, for the owner always asserted the right to use and did use the strip in dispute.

(5) The evidence does not show that the applicant is estopped from denying the existence of the easement claimed.

Application to the district court for Ramsey county by John A. Stees to register title to certain city lots. The city of St. Paul in its amended

[1]Reported in 172 N. W. 219.

answer denied that the applicant had any right or title to any part of East Seventh street in that city, and alleged that it had an easement for public travel over all that part of the premises described in the application between the exterior walls of the building and the platted line of the street, and that it had been in possession thereof for more than 15 years. The matter was heard by Hanft, J., who made findings and found that the original applicant was the owner of an estate in fee simple of the property; that during the pendency of the proceeding John A. Stees and his wife conveyed the property to John A. Stees Company, which duly became a party to the proceedings and that this company was the owner of the premises. From an order denying its motion for amended findings or for a new trial, the city of St. Paul appealed. Affirmed.

*O. H. O'Neill* and *John A. Burns,* for appellant.

*Harold Harris,* for respondent.

HOLT, J.

In 1870, John A. Stees and three other persons bought the block bounded by East Seventh, Eighth, Jackson and Sibley streets, St. Paul. The block was platted into lots, and the streets mentioned had long prior thereto been by plat dedicated to public use. At that time no building for business purposes existed on the block. Stees and his associates at once erected a brick building on the corner of Jackson and East Seventh streets, and purposely placed the outside walls five feet inside the line separating the lots from the streets. All buildings subsequently erected in the block fronting on the streets last mentioned were similarly set back five feet from the street line. At the time of filing of the application in this proceeding to register the title of the property, being the westerly 136 feet of the block, John A. Stees had acquired the interest of his associates therein, but before the trial the ownership had passed into the John A. Stees Company, a corporation. The city was made a party, and set up an easement for public travel in and to the five-foot strip between the outer walls of the buildings fronting on Jackson street and on East Seventh street and the platted line dividing the lots from said streets, and that it had acquired this easement

by user and by adverse possession. The findings were against the city and it appeals.

The findings which are decisive of the city's claim may be stated, in a condensed form, thus: Jackson street and East Seventh street were platted and dedicated to public use by the original owners of the land in question and by the owners of contiguous lands more than 48 years ago, and have since been extensively traveled; that the travel and public use of said streets are confined to the limits of said streets as fixed by the plat of dedication; that the outer walls of the areas in front of the buildings are on the property line, but that the buildings themselves in the block in question were set back five feet, for the purpose of display of wares by tenants of the stores and were so used for years, a custom then universal among shopkeepers; in some instances more or less permanent structures having been erected for this purpose, gratings gave access to light and trap-doors to the areaway used by tenants; on Jackson street on this strip a stairway led into the basement till closed to accommodate a tenant, later, during the pendency of this proceeding, it was opened against the wishes of the city; the sidewalks ordered constructed by the city since 1870 have been eight feet wide, the width between the lot lines and the curb, but the owner or owners of the property extended this walk up to the buildings; for more than 20 years the owners have had on the sidewalk a painted red line 2½ inches wide, marking the line dividing the streets from the lots, or the so-called property line; that the owners have continuously paid taxes and assessments on the whole lots, with no deduction for the five feet now in dispute; that the city never held adverse possession of the strip, nor did any work or improvement thereon, nor exercised any right, control or dominion over the same; that the owners of the lots never expressly or impliedly dedicated or intended to dedicate any part of said strip to public use, nor did anything to induce the city or the public to assume or believe they intended to dedicate the same, but continuously negatived such intention; that any use the public made in walking upon the sidewalk on said strip along said streets, or in entering the buildings, was merely permissive; that said strip was during all the time in the exclusive possession of the John A. Stees Company and its predecessor in ownership, and that the city at no time either by dedication, user or otherwise ac-

quired any right, title, or easement for the purpose of a street in or over the five-foot strip described.

The appeal challenges the findings of fact. As to the physical facts embodied in the findings, there is no substantial dispute. But the city does contend that an intention to dedicate is necessarily to be inferred from the conduct of the owner, notwithstanding his positive testimony to the contrary. The city also maintains that there has been an easement acquired by statutory user, and by prescription.

No doubt implied intent to dedicate may be found from an owner's conduct, even though no actual intent to so do ever entered his mind. His acquiescence in the use by the public of part of his premises for travel may be of such a character and duration that he should be held estopped to deny the existence of an easement. Seidschlag v. Antioch, 207 Ill. 280, 68 N. E. 949; Elliott, Roads & Streets, §§ 138, 140. However, it has been settled law in this state for more than 50 years, that to constitute a public easement by an implied or common law dedication there must be found an intent to dedicate by the owner of the servient estate, and an acceptance by the public. Case v. Favier, 12 Minn. 48 (89); Wilder v. City of St. Paul, 12 Minn. 116 (192); Hurley v. City of West St. Paul, 83 Minn. 401, 86 N. W. 427. Both propositions were here found against the city.

We think the evidence sustains these vital findings. Mr. Stees testified explicitly that he left the space between the lot line and the buildings for a specific purpose. Other witnesses corroborate him that, at the time the business buildings were erected on this block, it was customary for the merchants to display their wares in front of the stores; that this practice continued quite recently, and may yet be observed. The testimony is also persuasive that the occupants of the stores owned by Mr. Stees and his associates made continued use of the five-foot space for the display of goods. Originally an open area, 50 feet long, in which a stairway led to the basement, covered the entire width between the building first erected and the Jackson street lot line. It was maintained for many years without the slightest objection. Assessments for sprinkling, paving and other improvements were paid for the lot as platted, with no deduction for the part now claimed to be part of the street. For over 20 years prior to the trial, it is undisputed that the owner attempted

to indicate to every observer where the division was between the street and the lots, by painting a red stripe 2½ inches wide along the sidewalk upon the line given by the plat as the boundary between the streets mentioned and the block in question. While this painted stripe was not a barrier to the use of the sidewalk by pedestrians, it was indicative of the owner's purpose not to permit an encroachment, and suggestive to the public authorities of an intent not to give an easement for travel.

We think that when the trial court came to the vital point of determining the intent to dedicate, he could properly apply this common-sense principle expressed in Commonwealth v. Kelly, 8 Gratt. 632: "A permission to pass over land may prove an intention to dedicate, or a mere license, revocable at the will of the owner; and we think that the mere permission to pass over land ought in this state to be regarded as a license. For why shall we infer that an individual makes a gift of his property to the public from an equivocal act, which equally proves an intention to grant a mere revocable license?" In Village of White Bear v. Stewart, 40 Minn. 284, 41 N. W. 1045, it is said: "The acts and declarations of the landowner, indicating the intent to dedicate, must be unmistakable in their purpose and decisive in their character. Washb. Easem. 182." There was no evidence of acts or declarations of that character here.

And in determining whether there was an acceptance the court could take into consideration not only the use made of the strip by the owner and tenants, but also that there were duly opened and curbed streets upon which the public authorities called for the construction of sidewalks of a width to fill only the space between the curb and lot line, and covering no part of the strip in dispute, and that the line of curbing as set and the width of sidewalk ordered corresponded with the conditions of the streets in this respect on either side of the block in question. The city attaches some importance to the fact that work was done by it in the streets opposite this property such as cleaning, sprinkling, paving, etc., and argues from cases like Hansen v. Town of Verdi, 83 Minn. 44, 85 N. W. 906, that since work was done in some part of the street it was sufficient, even though nothing was done or expended on this particular strip. We think the argument is without force here. All the work done by the city is properly referable to keeping a street within the boundaries fixed by the

plat of dedication fit for travel, and not with a view to encroach upon abutting property. The work if to signify anything at all, in a case like the instant, must relate to some space within the encroachment. The fact that no work was ever done upon any part of this strip by the city could, perhaps, be used by it as successfully as was done in Holmwood v. City of Duluth, 134 Minn. 137, 158 N. W. 827, as a defense in a suit to recover damages because of injury from defects in a sidewalk laid inside the lot line. In that case, like the one at bar, the owner set the store building back from the lot line, but extended the sidewalk to the building.

The contention that an easement has been acquired by statutory user cannot be sustained, for there is absolutely no evidence that any work has been done or anything whatever expended by the city upon the strip in question. Minneapolis Brewing Co. v. City of East Grand Forks, 118 Minn. 467, 136 N. W. 1103. Nor did the city in any manner evince an intention to interfere with the owner's use of the land in dispute until after this proceeding was begun. As already stated, the work in the street duly dedicated cannot be made applicable to ground beyond it, and which ground is not indispensable to traveling on the street—the sidewalk, aside from that upon the strip in controversy, being as wide as upon the rest of the street on either side of this block, and the travel could hardly be called as extensive in front of this property as in the adjacent blocks to the west. McCasland v. Town of Walworth, 132 Minn. 460, 157 N. W. 715.

Easement by prescription cannot be claimed, for the public use was certainly not exclusive. The owner and tenants continuously made use of the space in controversy, and none questioned their right to do so, until after the city became a party to this proceeding.

Some of the authorities relied on by the city make use of the doctrine of estoppel. That doctrine may be invoked effectively where the public has incurred expense upon indications of an intent to dedicate, or where a private party buys or builds upon like indications, as was the case in Dallenbach v. Burnham, 248 Ill. 468, 94 N. E. 41, 140 Am. St. 228. No private party is here to invoke estoppel, and it is not easy to discover in the facts of this case where the public will be prejudiced by the respondent asserting its ownership up to the platted street line. Neither

the public nor the city have expended a cent upon this property, on the contrary the owner laid the walk thereon and continuously kept it in repair, and paid taxes and assessments upon the assumption that it was not burdened with an easement.

The order is affirmed.