# BERTHA DAUGHERTY v. ROY A. SOWERS AND OTHERS.[1]

February 11, 1955.

No. 36,454.

---

[1]Reported in 68 N. W. (2d) 866.

*George L. Angstman,* for appellants Roy and Anita Sowers.
*John T. Galarneault,* for respondent.

MATSON, JUSTICE.

Appeal from an order denying defendants' motion for a new trial in an action to enjoin defendants from obstructing a roadway alleged to have been established by common-law dedication.

The roadway alleged to have been established by common-law dedication commences with the western terminus of Main street, a platted street of the village of McGrath, Minnesota, and runs in a westerly direction across the land of the defendants to plaintiff's place of abode on her land. About 50 years ago plaintiff acquired her land from the federal government by proving up a homestead claim. The original buildings burned down. In 1932 plaintiff's present dwelling house was built. The roadway in question is the only existing route of ingress and egress to and from plaintiff's dwelling.

Taking, as we must, the conflicting evidence in the light most favorable to the trial court's findings, it appears that the roadway has existed substantially in the same location for 40 years, or since about 1913. Since 1932 the road has followed the same course or

line of travel. In 1931 maintenance work was performed on the road by the township. About 1932 plaintiff's husband, who was residing with her on the land, dug a ditch along the road and did other maintenance work thereon.

In 1932 plaintiff moved from the land and did not return until 1946. Between 1932 and 1946 the premises were occupied by her son or by renters. At times the place was vacant. Prior to 1932 the road was used during the fall and winter seasons for hauling logs. Since 1932 it has been used by the plaintiff, or by other occupants of the premises, as a regular means of ingress and egress. In addition, it has been used by haulers of wood, by a renter of plaintiff's pasture, and by other members of the public who have had occasion to call on the persons living on the premises. Throughout the years the use of the road by the public has been open, unobstructed, and without any interference or objection by the defendants or their predecessors in interest. In 1950 defendants first obstructed the road by digging an open ditch across it. This action followed as a result.

The trial court by its findings and conclusions found and declared the road to have been dedicated to public use and that it now exists as a public road. It was also adjudged that the defendants are permanently enjoined from obstructing or interfering with the use of the road. Defendants appeal from the whole of an order denying their motion for amended findings or a new trial.

The only issue is whether the defendants or their predecessors in interest dedicated the roadway to a public use and whether the public has accepted such dedication.

The essentials of a common-law dedication of a roadway are (1) the landowner's intent—express or implied—to have his land appropriated and devoted to a public use, and (2) an acceptance of that use by the public. Dedication rests upon intent and not upon prescription.[2] Although there can be no dedication without the landowner's intent, such requisite intent need not be express, and in fact

[2]Keiter v. Berge, 219 Minn. 374, 18 N. W. (2d) 35; Mueller v. Drobny, 225 Minn. 338, 31 N. W. (2d) 40; 5 Dunnell, Dig. (3 ed.) § 2644.

need not actually exist in the owner's mind,[3] but may be implied from acts and conduct of the owner which are unequivocally and convincingly indicative of a dedication and upon which the public has a right to and does rely.[4] Acts and visible conduct on the part of the owner which unequivocally and convincingly carry with them a plain intent to dedicate a road to public use prevail over the owner's subsequent denial of such intent.[5] The familiar maxim that a man is presumed to intend the usual and natural consequences of his acts is applicable to dedications.[6] It is unnecessary to elaborate upon the intent element since that has been done elsewhere.[7]

▆ The landowner's unequivocal expression of an intent to dedicate a road to public use is like the making of an offer to enter into a contract. When the offer is accepted, the contract is complete. Likewise, when the landowner's dedication of a road is accepted by the public, the dedication is complete and is not subject to revocation. Acceptance of a dedication by the public may be shown by public user, as by travel, or by acts of public officers in improving and maintaining the road.[8] Where the evidence is conflicting as to whether the owner intended to make a dedication and whether the public accepted the dedication, the question is peculiarly one of fact for the trier of fact. Keiter v. Berge, *supra.*

▆ Defendants assert that there can be no dedication to a public use since the roadway allegedly leads now only to plaintiff's premises. There is evidence that, at least in the past, the road led much farther westward. We need not, however, inquire whether there has in fact been a dedication of the road beyond defendant's land or whether such westward extension of the road was subsequently abandoned. Defendants simply assume that, if the road now leads only to plaintiff's premises, no dedication can exist. Defend-

---

[3]Anderson v. Birkeland, 229 Minn. 77, 82 to 84, 38 N. W. (2d) 215, 219 to 220; 1 Elliott, Roads and Streets (4 ed.) § 140.

[4]Keiter v. Berge, *supra;* Anderson v. Birkeland, *supra.*

[5]Anderson v. Birkeland, *supra.*

[6]1 Elliott, Roads and Streets (4 ed.) § 140.

[7]See, Keiter v. Berge, *supra;* Anderson v. Birkeland, *supra.*

[8]Keiter v. Berge, *supra;* Anderson v. Birkeland, *supra.*

ants overlook that a roadway may be dedicated as a public highway even though it be a cul-de-sac.[9]

■ The trial court specifically found that, from and after 1913 and continuously until May 1, 1950, plaintiff, her predecessors in interest, and the public generally have used the road as a public roadway. The court further found that between 1913 and 1932 the then owners of defendants' lands assented to the appropriation. These owners stood by without objection and witnessed the long-continued use of the road by members of the public and did not even bestir themselves when the roadway was improved at public expense and also by the efforts of plaintiff's husband. The evidence sustains the finding of the owners' assent to the appropriation and also the finding of the acceptance of the dedication by both public authority (in the form of spending public moneys in the improvement of the road) and by the public itself by user. A public user may be established by a comparatively small number of persons. In this case plaintiff and all who have occupied the land have used the road as members of the public. The clear implication of the evidence is that the road has also at all times been open to any member of the public who had either the desire or the occasion for any purpose to call upon the occupants of plaintiff's land. In addition, it is clear that the road was generally used in the past for the hauling of logs and later for the hauling of wood. The right of travel was enjoyed by the public generally. It is the right of travel by all the world, and not the exercise of the right, which constitutes a road a public highway, and the user by the public is sufficient if those members of the public—even though they be limited in number and even if some are accommodated more than others—who would naturally be expected to enjoy it do, or have done so, at their pleasure and convenience.[10]

■ What is a sufficient user is peculiarly a question of fact and varies according to the circumstances of each case. The intent to

[9]Keiter v. Berge, 219 Minn. 374, 378, 18 N. W. (2d) 35, 37, and cases cited therein; see, also, Anderson v. Birkeland, *supra*.

[10]Anderson v. Birkeland, 229 Minn. 77, 82, 38 N. W. (2d) 215, 219; Montgomery v. Somers, 50 Ore. 259, 266, 90 P. 674, 677; 1 Elliott, Roads and Streets (4 ed.) § 180; 25 Am. Jur., Highways, § 2.

dedicate is the same in all cases. The user to establish that intent may be of short or long duration, depending upon the character and extent of the use as well as upon the nature of the surrounding area. The quantum of evidence to establish the requisite intent varies, but, in any case, it is adequate the moment the user is sufficient to indicate to prudent men that the public claim to the road is one of right and that the owner is fully aware of the extent and character of that user and makes no objection.[11]

Since the evidence sustains the trial court's findings, the order appealed from is affirmed.

Affirmed.

---

[11]See, 1 Elliott, Roads and Streets (4 ed.) §§ 179, 182.