Doris O. SACKETT, et al., Respondents,

v.

John K. STORM, et al., Appellants.

No. C9–91–963.

Court of Appeals of Minnesota.

Jan. 28, 1992.

Review Denied March 26, 1992.

David J. Meyers, Rinke–Noonan, St. Cloud, for respondents.

John D. Rice, John D. Rice Law Firm, Minneapolis, for appellants.

Considered and decided by SHORT, P.J., and SCHUMACHER, and KLAPHAKE, JJ.

## OPINION

KLAPHAKE, Judge.

Appellants John and Marion Storm challenge partial summary judgment granted to respondents. The trial court held that the Storms failed to establish a genuine issue of material fact as to the common law dedication as a public road of a private driveway on the Storm's property. The trial court also held the Marketable Title Act, Minn.Stat. § 541.023 (1990), did not apply. We affirm.

## FACTS

In 1981, appellants John and Marion Storm bought a lot on the western shore of Little Birch Lake from Henry Loxtercamp. The Storms' cabin is connected to Todd County Road 19 by a gravel driveway or road. A "road" veers north from the driveway connecting to a platted roadway. Another "road" veers south. Respondents are lakeshore property owners to the north and south of the Storms' lot, who travel the north and south "roads" to the driveway and then to County Road 19.

In October 1989, the Storms installed a gate with fence extensions at the driveway entrance from County Road 19 and another gate with fence extensions blocking the road to the north. Thereafter, respondents brought an action seeking to establish a prescriptive roadway and utility easement over the Storms' property or, in the alternative, a determination of a common law dedication of the roadway in favor of the public, and finally, injunctive relief.

Respondents moved for partial summary judgment on the common law dedication issue. In support of this motion, they filed numerous affidavits substantiating the continuous use of the roadway by lake residents and the general public. The trial court held these undisputed affidavits established a common law dedication of the driveway by prior owners of the Storm lot. The Storms appeal.

## ISSUES

1. Do material fact issues exist as to the intent to dedicate and public acceptance of the land?
2. Do material fact issues exist as to the applicability of the Marketable Title Act, Minn.Stat. § 541.023 (1990)?

## ANALYSIS

### Standard of Review

In reviewing a grant of summary judgment, this court must determine (1) whether genuine issues of material fact exist for trial and (2) whether the trial court erred in applying the law. *Offerdahl v. University of Minnesota Hosps. and Clinics*, 426 N.W.2d 425, 427 (Minn.1988). The evidence is viewed in the light most favorable to the party against whom summary judgment was granted. *Grondahl v. Bulluck*, 318 N.W.2d 240, 242 (Minn.1982). The trial court makes a threshold inquiry to determine whether genuine fact issues exist that might reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The nonmoving party must show more than a "metaphysical doubt" as to the material fact dispute. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The nonmoving party may not rest on the pleadings, but must point to specific facts from which the fact finder might return a verdict in that party's favor. *Anderson*, 477 U.S. at 256–57, 106 S.Ct. at 2514.

### I.

■ To prove common law dedication, one must show the property owner's express or implied intent to devote land to public use and the public's acceptance of that use. *Wojahn v. Johnson*, 297 N.W.2d 298, 306–7 (Minn.1980). Ordinarily, whether the owner intended to dedicate the land and whether the public accepted the dedication are questions of fact. *Keiter v. Berge*, 219 Minn. 374, 380, 18 N.W.2d 35, 38 (1945).

■■■ Once the public accepts the owner's dedication, the common law dedication is immediately effective. *Daugherty v. Sowers*, 243 Minn. 572, 575, 68 N.W.2d 866, 868 (1955). Unlike statutory dedication, no specific "waiting" period is required. *Wojahn*, 297 N.W.2d at 306–07 n. 4. In addition, dedication is irrevocable after public acceptance unless the public consents to revocation. *Keiter*, 219 Minn. at 380, 18 N.W.2d at 38. Thus, an owner's dedication binds his or her successors in interest. *Daugherty*, 243 Minn. at 575, 68 N.W.2d at 868–69.

*Intent to Dedicate*

■■■ An intent to dedicate need not be a conscious intent but may be inferred from the owner's unequivocal conduct. *Anderson v. Birkeland*, 229 Minn. 77, 83, 38 N.W.2d 215, 219 (1949). For example, intent may be inferred from the owner's long assent to, and acts in furtherance of, the public use, from the owner's recognition of the public's need for the use, and from the owner's recognition that the public has a valid claim to the property after using it. *Keiter*, 219 Minn. at 378, 18 N.W.2d at 37.

■■■ The affidavits submitted by respondents indicate that the roadway has been used to access their lake lots for as long as 72 years. None of the affiants personally requested or were given permission to use the roadway by any of the prior owners of the Storm property. *Cf. Security Fed. Sav. & Loan Assn v. C & C Invs., Inc.*, 448 N.W.2d 83, 88–89 (Minn.App.1989) (no intent to dedicate where owner gave nine-year easement), *pet. for rev. denied* (Minn. Jan. 18, 1990). As early as the 1930s, tourists staying at a resort on Little Birch Lake used the disputed roadway. The roadway itself has always been connected to a platted public road.

Larry Cooper, grandson of a prior owner from the 1920s to 1945, stated by affidavit that he recalled the general use of the roadway during that time and that his grandfather allowed "everyone" to use the roadway. Cooper did not recall his grandfather giving anyone permission to use the roadway. Henry Loxtercamp, the immediate predecessor in interest to the Storms, stated by affidavit that when he bought the property in 1968 he knew there was a long established roadway that he assumed all had the right to use. Loxtercamp also stated that he "intended that the roadway be dedicated, used and maintained year-around for the general use of the area cabin owners and the public."

The Storms claim factual questions exist concerning the intent of their predecessors in interest. The Storms do not cite any evidence to rebut the evidence presented by the affidavits. Rather, the Storms contend the acts of the prior owners are equivocal and support a reasonable inference of permissive use. In addition, the Storms point to their own actions to show their own lack of dedicatory intent.

■■■ The direct evidence of Loxtercamp's dedicatory intent combined with years of continued open use gives rise to an inference of public dedication. The Storms contend the evidence suggests that the prior owners gave permission to use the roadway to lakeshore owners and their invited guests. However, the resort tourists were clearly members of the public at large. Not one person could remember asking for or receiving permission to use the roadway. The Storms' lack of dedicatory intent does not affect the dedicatory intent of prior owners. *See Daugherty*, 243 Minn. at 575, 68 N.W.2d at 868–69 (common law dedication is immediately effective and binds successors in interest). While we acknowledge that an inference of permissive use might be drawn, given the undisputed evidence as a whole, that inference is not reasonable. Rather, the inference merely creates a "metaphysical doubt" that a material fact dispute exists as to the prior owners' dedicatory intent. This metaphysical doubt is not sufficient to defeat summary judgment.

*Public Acceptance*

■■■ Public acceptance may be shown by public use of the dedicated property, and this use may be established by a relatively small number of people. *Flynn v.*

*Beisel,* 257 Minn. 531, 541, 102 N.W.2d 284, 292 (1960). Public use is considered the strongest evidence of acceptance. *Keiter,* 219 Minn. at 380, 18 N.W.2d at 38. In addition, acceptance may also be inferred from the "acts of public officers in improving and maintaining" the dedicated property, although the maintenance need not be publicly funded. *Id.* at 379, 18 N.W.2d at 38.

■ The evidence of public acceptance is also undisputed. The affidavits establish a long pattern of public use. Each affiant used the roadway to gain access to the lake property. Tourists visiting the resort used the roadway. Many of the affiants had contributed time, money, and labor to maintaining the roadway throughout the past 50 years. In addition, utility companies, local retail stores, local government officials, and postal carriers used the roadway year-round from as early as 1950. Peace officers travelled over the roadway on routine patrols. The municipality need not formally accept the road to show public acceptance. *See id.* at 376–79, 18 N.W.2d at 37–38 (acceptance shown even though no formal governmental acceptance and no public funds expended for maintenance). We believe the undisputed evidence establishes public acceptance of the roadway.

## II.

■ The Storms contend a material fact question exists as to the application of the Marketable Title Act, Minn.Stat. § 541.023 (1990), to prevent respondents' claim. Section 541.023 provides:

As against a claim of title based upon a source of title, which source has then been of record at least 40 years, no action affecting the possession or title of any real estate shall be commenced * * * to enforce any right, claim, interest, incumbrance or lien founded upon any instrument, event or transaction which was executed or occurred more than 40 years prior to the commencement of such action, unless within 40 years after such execution or occurrence there has been recorded * * * a notice * * * setting forth [the basis for the claim].

Minn.Stat. § 541.023, subd. 1 (1990). The statute further states that "[a]ny claimant * * * barred by the provisions of this section shall be conclusively presumed to have abandoned" all interests created. Minn. Stat. § 541.023, subd. 5 (1990). Section 541.023 does not, however, "bar the rights of any person * * * in possession of real estate." Minn.Stat. § 541.023, subd. 6 (1990).

■ To establish possession under the above subdivision 6 exception, one must show present, actual, open, and exclusive possession that provides notice of the possessor's interest in the property. *Henley v. County of Chisago,* 370 N.W.2d 920, 925 (Minn.App.1985) (possession shown where township and city maintained road and placed road signs on it and where public consistently used road since it was established). The possession cannot be equivocal or ambiguous. *Township of Villard v. Hoting,* 442 N.W.2d 826, 829 (Minn.App. 1989) (possession of township road shown where township plowed, graded, and otherwise maintained road beginning in 1918).

The trial court held that the Marketable Title Act did not apply here because the evidence established respondents' possession of the property. The Storms contend that the element of "open and exclusive" possession directly contradicts the elements necessary to show common law dedication, and argue that to prove one is to disprove the other. We disagree.

Minnesota courts have applied the possession exclusion to other cases where common law dedication has been shown. *See id.; Henley,* 370 N.W.2d at 925. These cases relied on the same evidence to show public acceptance of dedicated property as well as possession of property to defeat the presumption of abandonment. *Villard,* 442 N.W.2d at 828–29 (both public acceptance and possession of property shown by township's improvements and maintenance of road); *Henley,* 370 N.W.2d at 924–25 (both public acceptance and possession of property shown by continuous public use and local government maintenance of road).

This case does not differ from *Villard* or *Henley.* The public has consistently used

the roadway to provide goods and services to the residents of the western lakeshore. The residents of the area have consistently used and contributed to the maintenance of the roadway. These undisputed facts show both public acceptance of the roadway and an open possession of the roadway sufficient to put the Storms on notice of respondents' interest. We conclude the evidence showing public acceptance of dedicated property may also show open and exclusive possession under the exception to the Marketable Title Act.

## DECISION

The trial court did not err in granting summary judgment where the undisputed facts established the prior owners' dedicatory intent and public acceptance of the roadway. In addition, where the undisputed facts showed respondents' present and open possession of the roadway, the trial court did not err in holding the Marketable Title Act did not apply.

Affirmed.

SCHUMACHER, Judge (dissenting).

I respectfully dissent. It appears to me the trial court erred in finding by way of summary judgment that appellant's driveway was a public right-of-way by common law dedication.

When, as in this case, the evidence is conflicting, relating to such questions as to whether the owners intended to dedicate and whether the public accepted the dedication, the ultimate question of dedication is particularly one for the trier of fact. *Morse v. Zeize*, 34 Minn. 35, 36, 24 N.W. 287, 288 (1885); *Keiter v. Berge*, 219 Minn. 374, 380, 18 N.W.2d 35, 38 (1945).

Henry Loxtercamp's affidavit relating to his intent to dedicate the driveway to the public is suspect, and clearly raises issues of fact that should not be resolved by summary judgment. He sold the lake lot to appellants on a contract for deed. The subsequent warranty deed did not list any exceptions. However, in later affidavits, Loxtercamp contradicts the warranty deed. By Loxtercamp's own admissions there is a material issue of fact regarding his dedicatory intent. Loxtercamp stated:

When I bought the property and at all times I owned the property, I knew there was a long established roadway across the property which was used by all the Little Birch Lake cabin owners and the public. * * * I assumed everyone had the right to use the road.

Loxtercamp also stated that, when he sold the property to the Storms,

I knew when I signed the contract for deed that area property owners and the general public had the right to the year-around use of the roadway across Lot 2.

\* \* \* \* \* \*

I intended that the roadway be dedicated, used and maintained year-around for the general use of the area cabin owners and the public.

Loxtercamp's affidavits indicate his belief that his neighbors as well as the public had a "right" to use the roadway crossing the Storm property. However, as noted, Loxtercamp did not list any exceptions to title in the warranty deed, nor did the legal description refer to a public or other road crossing the property. In addition, the exceptions listed in the contract for deed did not refer to a right reserved to the public to use the driveway.

The permissive acquiescence of other prior owners to use the driveway is neutral as to the issue of dedicatory intent. Permissive acquiescence is equally indicative of a gratuitous user, or of a revocable license. As the court stated:

For why shall we infer that an individual makes a gift of his property to the public from an equivocal act, which equally proves an intention to grant a mere revocable license?

*In re Stees*, 142 Minn. 340, 344, 172 N.W. 219, 221 (1919).

Mere permissive use of land as a roadway, where the use is consistent with the assertion of ownership by the alleged dedicator, does not of itself constitute a dedication nor demonstrate a dedicatory intention. *Security Fed. Sav. & Loan v. C & C Invest., Inc.*, 448 N.W.2d 83, 88 (Minn.App.

1989) *pet. for rev. denied* (Minn. Jan. 18, 1990).

This is not a case where the adjacent lot owners would be denied access to their property were it not for appellants' driveway. The use of appellants' driveway is merely a shortcut for those users. Nothing prohibits them from cutting a logging trail type driveway through their own lot, the same as exists on appellants' lot. Appellants have expressly permitted some immediately adjacent lot owners to use their driveway but object to the volume of traffic occasioned by other cabin owners on the lake, as well as traffic from a resort.

The majority bases their decision in part on the fact that other lot owners have made repairs to the roadway over the years. However, a review of the record indicates negligible repair work amounting to no more than an occasional filling in of a depression in the road.

This is not a proper case for summary judgment. I would remand for trial on the merits.