Kent L. HENRICKSEN, re: Duquette Schoolhouse Property, Appellant,

v.

TOWN BOARD OF KERRICK, MN, et al., Respondents,

Cheryl Ashmore, Respondent.

No. A10–1622.

Court of Appeals of Minnesota.

April 5, 2011.

---

212

Kent L. Henricksen, Hinckley, Minnesota, pro appellant.

Paul D. Reuvers, Andrea B. Wing, Iverson Reuvers, Bloomington, Minnesota, for respondents Town Board of Kerrick.

Randy R. Moder, Moose Lake, Minnesota, for respondent Ashmore.

Considered and decided by
CONNOLLY, Presiding Judge;
WRIGHT, Judge; and HARTEN, Judge.

## OPINION

HARTEN, Judge.*

Six years after respondent Cheryl Ashmore's petition to vacate a township road was granted by respondent town board, appellant Kent Henricksen, an alleged eligible landowner, brought this action against respondents. Appellant argued that he had been entitled to personal service of the order stating the time and place of the board's action on respondent's petition and that the vacation of the road deprived him of access to his property. Respondents moved successfully for summary judgment, which appellant challenges. Because no genuine issue of material fact precludes the summary judgment and respondents are entitled to judgment as a matter of law, we affirm.

## FACTS

In February 2003, Ashmore, a town landowner, petitioned respondent town board of Kerrick (the board) to vacate part of Third Street within the town. Ashmore owns parcels of property within the town located on either side of the northern end of Third Street, which runs into the south end of a trail known as Schoolhouse Road. A park lying east of Schoolhouse Road has a separate access road but patrons were entering the park by using the northern part of Third Street and Schoolhouse Road, which, at times, was disruptive to Ashmore.

Appellant is the purported owner of a two and one-half (2–1/2) acre parcel of property lying west of Schoolhouse Road.[1] His property had been accessed from Third Street, but also has access from the Wild Oak Loop road to the northwest and the Range Line Road to the northeast; both of these are perpendicular to and join Schoolhouse Road. Another access is from a frontage road off of Highway 23 to the southeast. The town does not maintain any of these accesses and has not done so for at least 25 years.[2]

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

1. Because appellant in 2010 wrote a letter saying his son holds title to the property, the district court concluded that appellant's ownership of it, and therefore his standing to bring this action, are questionable. The district court apparently assumed without deciding that for the purpose of this action, appellant is a landowner.

2. Contrary to appellant's argument, this failure to maintain does not deprive the board of authority to vacate the road. See Minn.Stat. § 365.10, subd. 11 (2010) ("The [town] electors may let the town board, by resolution, determine whether to ... maintain town roads ... under the jurisdiction of the town board upon which no maintenance or construction has been conducted for 25 years or more.").

In June 2003, the town board held a public hearing on the petition to vacate. Notice of the meeting was served on the owners of all property that abutted Third Street and was posted in local buildings and published in local newspapers. After the meeting, the board decided to grant the petition and vacate the northern end of Third Street, finding that this would be in the public interest.

In 2009, appellant brought this action in district court against Ashmore, the board, and its chairman, alleging that appellant had been lawfully entitled to personal service of notice of the board's June 2003 meeting as an affected landowner and that the vacation of Third Street illegally deprived him of access to his property. The district court granted summary judgment for respondents as a matter of law dismissing appellant's action.

### ISSUE [3]

Was appellant entitled to personal service?

### ANALYSIS

■■ On an appeal from summary judgment, this court examines whether there are any genuine issues of material fact and whether the district court erred in its application of law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). Statutory construction is a question of law that we review de novo. *Houston v. Int'l Data Transfer Corp.,* 645 N.W.2d 144, 149 (Minn.2002).

■■ "Any town board may . . . vacate a town road . . . upon a petition of not less than eight voters of the town, who own real estate, or occupy real estate under the homestead or preemption laws or under contract with the state, within three miles of the road proposed to be . . . vacated. . . ." Minn.Stat. § 164.07, subd. 1 (2010). Within 30 days of receiving the petition,

> [t]he town board . . . shall make an order describing . . . the road proposed to be . . . vacated and the several tracts of land through which it passes, and fixing a time and place when and where it will meet and act upon the petition. The order must also contain a notice to affected landowners that a landowner is entitled to judicial review of damages, need, and purpose under subdivision 7 following a determination to establish or alter a road. *The petitioners shall cause personal service of the order and a copy of the petition to be made upon each occupant of the land* at least ten days before the meeting. . . .

Minn.Stat. § 164.07, subd. 2(a) (2010) (emphasis added). Appellant argues that this subdivision entitles him, as an "affected landowner," to personal service of the order.[4]

Neither statutory law nor case law explicitly defines the term, "affected landowner," but the term has been used to denote owners of land over which a road lies. *See, e.g., Twp. of Villard v. Hoting,* 442 N.W.2d 826, 828 (Minn.App.1989) (us-

---

3. Appellant also argues that he acquired ownership of the property by adverse possession, but, in light of his claim to otherwise have title to the property, we need not address this argument.

4. Appellant relies on another statutory provision, Minn.Stat. § 160.09, subd. 3 (2010) ("When a . . . town road is *the only means of access to any property . . . of five acres or more,* [it] shall not be vacated without the consent of the property owner unless other means of access are provided." (emphasis added)) to argue that his consent was required to vacate the road. His reliance is misplaced: there are other means of access, and his property is only two and one-half (2–1/2) acres.

ing "affected landowners" to refer to those who had "petitioned the township for a new road four rods in width and received monetary compensation for damages sustained when the road was laid out[,] "which" evidences the landowners' intent to have their lands appropriated and devoted to a public use.").

Personal service of the order is to be made not upon affected landowners but "upon each occupant of the land." Minn. Stat. § 164.07, subd. 2(a). Appellant is not an occupant of any land associated with the vacation of Third Street. Even if the statute mandated personal service for owners rather than for occupants of the land, appellant would not qualify: "the land" to be considered is "the several tracts of land through which [the road proposed to be vacated] passes." *See id.* (describing "the land"). Third Street does not pass through, or even abut appellant's land, which abuts Schoolhouse Road.

We conclude that the district court correctly held that appellant was not entitled to personal service of the board order scheduling a hearing on the petition to vacate.

## DECISION

Appellant, the alleged owner of land that does not abut a town road, was not entitled to personal service of an order stating the time and place of the town board's action on a petition to vacate the road under Minn.Stat. § 164.07, subd. 2(a).

**Affirmed.**