LOWELL BENGTSON v.
VILLAGE OF MARINE ON ST. CROIX.

246 N. W. 2d 582.

October 15, 1976—No. 44778.

*Gearin, Melzarek & Shiely* and *James F. Shiely*, for appellant.
*John H. Rheinberger*, for respondent.

Heard before Rogosheske, Peterson, and Todd, JJ., and considered and decided by the court en banc.

PER CURIAM.

Plaintiff, Lowell Bengtson, brought suit in the district court to recover from defendant, the village (now city) of Marine on the St. Croix, the sum of $856.50, representing the reasonable value of improvements which Bengtson had made to a road which crosses his property. Following a trial without a jury, the district court ordered judgment for the village, and Bengtson appealed to this court from an order denying his motion for a new trial. We affirm.

A primary issue raised by the parties has been whether the road, which crosses 80 acres of Bengtson's property, is a public road or a private road. It connects on the south with a state-aid highway and on the north it leads into another landowner's property.

A public road may be established not only pursuant to Minn. St. 160.05 (by user) or Minn. St. 164.15 (by statutory dedication), but also by common-law dedication. Bosell v. Rannestad, 226 Minn. 413, 33 N. W. 2d 40 (1948). The elements of a common-law dedication of a roadway are (1) the landowner's intent—express or implied—to have his land appropriated and devoted to a public use; and (2) an acceptance of that use by the public. Daugherty v. Sowers, 243 Minn. 572, 68 N. W. 2d 866 (1955); Keiter v. Berge, 219 Minn. 374, 18 N. W. 2d 35 (1945). A dedication rests upon assent and not prescription. It may be and often is made instanter. Keiter v. Berge, 219 Minn. 374, 379, 18 N. W. 2d 35, 38. The public use need not be for the period of the statute of limitations. All that is required is that the circumstances be such as to permit the inference clearly and unequivocally. Acceptance of a dedication by the public may be shown by user by the public, as by travel, or by acts of public officers in improving and maintaining the highway. Id. Common user by the public is the very highest kind of evidence of public acceptance of a dedication. Flynn v. Beisel, 257 Minn. 531, 541, 102 N. W. 2d 284, 292 (1960); Morse v. Zeize, 34 Minn. 35, 37, 24 N. W. 287, 288 (1885). A presumption of equal strength may well be drawn from an actual assumption of care and control of the alleged highway by the public authorities by grading, working, or bridging upon it. Morse v. Zeize, *supra.*

In the case at bar the landowner, Bengtson himself asserts that the road is public, and thus his intent is unquestionably to dedicate it. The second essential of a common-law dedication— acceptance by the public—is also present in the case at bar. Nothing in the evidence suggested that any landowner ever attempted to keep the public away. The evidence did show, for example, that the school bus used the road to reach the children who lived on property adjoining Bengtson's, and that the road was the only way for visitors to reach the three families whose houses faced on it. All evidence indicated long and continuous

use of the road by the public, and in the past the village had done maintenance work on it.

In Daugherty v. Sowers, *supra*, the road in question led only to plaintiff's residence. As we said in that case (243 Minn. 576, 68 N. W. 2d 869):

"* * * A public user may be established by a comparatively small number of persons. In this case plaintiff and all who have occupied the land have used the road as members of the public. The clear implication of the evidence is that the road has also at all times been open to any member of the public who had either the desire or the occasion for any purpose to call upon the occupants of plaintiff's land. In addition, it is clear that the road was generally used in the past for the hauling of logs and later for the hauling of wood. The right of travel was enjoyed by the public generally. It is the right of travel by all the world, and not the exercise of the right, which constitutes a road a public highway, and the user by the public is sufficient if those members of the public—even though they be limited in number and even if some are accommodated more than others—who would naturally be expected to enjoy it do, or have done so, at their pleasure and convenience."

Despite the evidence of common-law dedication, the district court found that the Bengtson road is not a public road. Findings of fact made by a district court will not be set aside unless clearly erroneous. Rule 52.01, Rules of Civil Procedure. The trial court's findings may, however, be held clearly erroneous, notwithstanding evidence to support such findings, if the reviewing court is left with the definite and firm conviction that a mistake has been made. In re Trust Known as Great Northern Iron Ore Properties, 308 Minn. 221, 243 N. W. 2d 302 (1976); In re Estate of Balafas, 293 Minn. 94, 96, 198 N. W. 2d 260, 261 (1972). The finding of the district court that the road is not a public road is reversed as clearly erroneous.

That the road is a public road means that the public has an

easement right to travel the road. It does not follow, however, that an abutting landowner may repair the road and force the village to reimburse him for his expenses. Determinations of when and how highways should be constructed, improved, or repaired are in essence a legislative function, and absent some special duty imposed by statute or otherwise, these determinations must be left largely to the judgment and discretion of the officers who are charged with making them. Cf. Minn. St. 160.01, 163.16 (establishing a statutory mechanism for five freeholders to force the improvement of some roads but not others). See, also, Opinion Attorney General, No. 377-A-9, Oct. 27, 1938. Unless a plaintiff can demonstrate the municipality has some special duty to maintain its roads in a certain way, it is difficult to see how a court may require it. To do so would unduly infringe on the legislative function. See, Chicago, M. & St. P. Ry. Co. v. Village of LeRoy, 124 Minn. 107, 110, 144 N. W. 464, 465 (1913); Fohl v. Common Council, 80 Minn. 67, 70, 82 N. W. 1097, 1098 (1900). We need not decide under what circumstances mandamus would be an appropriate remedy, for we assume that following the court's determination that the road is a public road the village will faithfully carry out any duty it may have with respect to its maintenance.

Bengtson contends that the village impliedly contracted to reimburse him for his work, but the only evidence offered to support this argument was that during the course of his debate with the village, at a time when the village was still refusing to make repairs to the road, one of the council members told Bengtson to "keep track of [his] bills." We cannot say that this casual comment renders the district court's finding that there was no implied contract clearly erroneous. We accordingly affirm that finding.

Since plaintiff has established no legal right to reimbursement, we affirm the judgment.

No costs and disbursements are allowed.

Affirmed in part; reversed in part.