**NORTHFORK TOWNSHIP, Respondent,**

v.

**Garrett JOFFER and Mildred Joffer, his Wife, Appellants.**

No. CX–83–1834.

Court of Appeals of Minnesota.

Aug. 21, 1984.

Robert E. Pottratz, Melrose, for respondent.

John E. Mack, New London, for appellants.

Heard, considered and decided by POPOVICH, C.J., and HUSPENI, and NIERENGARTEN, JJ.

## OPINION

POPOVICH, Chief Judge.

Joffers appeal from a court determination that Northfork Township, not Joffers, owns a road which crosses their farmland. The public freely used the road putting Joffers on notice of the Township claim. Moreover, the road has been in continuous use and repair for the last six years indicating its public dedication. We affirm.

## FACTS

Joffers purchased a farm in 1968 which is bisected by a road created in the mid 1800's. Over time, the course of the road has not changed appreciably. Presently it connects two more heavily traveled county roads. The Township has no recorded interest in the road, but the road has been platted with inconsistent accuracy for the last one hundred years. It has been improved from an oxtrail to a partially graveled surface at least 16 feet wide.

The public uses the road each year from spring thaw until the first snow. It is not plowed by the Township in winter. Public use is light and sporadic, peaking at harvest time when one neighbor claims to use the road 10 to 15 times per day. Farmers, hunters and local residents use the road less frequently.

Northfork permanently removed the road from the taxrolls in 1961. In 1974, the tax credit increased from one to three acres. For the last 20 years Northfork occasionally spread gravel and graded the road, though it is not kept in as good condition as other county roads. The township once removed a fallen tree.

Notice of the road is not contained in Joffers' abstract chain of title. Once Joffers smoothed out ruts in the road created by their farm equipment to avoid aggravating other users. They have allowed strangers to use the road freely and they have been aware of public use since 1969.

Beginning in 1972, Joffers irrigated their farmland on both sides of the road. In 1980 they began using an irrigation system which actually operates from the road. When in use, the irrigator remains on the road for about 10 minutes. It also sprays the road with water for about two hours though vehicles less than 8 feet high can pass. The irrigator has not been used more than five times in a season. In 1982 Joffers placed gates on both ends of the road to stop public use and Northfork commenced the present action.

Following a one-day trial the court found:

13. That the roadway * * * has never been closed to the public, with the exception of the brief period in the summer of 1982 when Defendant Joffer had gates erected at two locations on said roadway.

14. That the defendant Garret Joffer was aware of regular and continuous public use of the roadway * * * since moving to said property in 1969.

15. That since becoming the owner of the property * * * Joffer acquiesced in the regular and continuous public use of the roadway * * * with the exception of the road closing activity.

16. That Stearns County Assessor records show the [Joffers] have received tax adjustments reflecting the acreage used for the roadway * * * [and] have not paid taxes on the land used for the roadway.

On these facts the court concluded the road was dedicated to the public, being used and

kept in repair for six years. The court "permanently enjoined [Joffers] from blocking or in any way interfering with the public's use of the roadway."

## ISSUES

1. Does the Marketable Title Act bar Northfork Township from bringing this action?

2. Was there sufficient evidence of a statutory dedication?

3. Are Joffers still permitted to irrigate from the road?

## ANALYSIS

1. Joffers contend a determination of who owns the road is preempted by the Marketable Title Act (MTA), Minn. Stat. § 541.023 (1982). The MTA is essentially a statute of limitations which restricts a party from asserting an unregistered interest in another person's title to property. Its purpose is to create certainty and marketability of title, but is not applicable if the claimant is in actual possession. Minn. Stat. § 541.023(6) (1982).

The requisite degree of possession "is such as will provide notice of the possessor's interest in the property." *Township of Sterling v. Griffin*, 309 Minn. 230, 236, 244 N.W.2d 129, 133 (1976). In *Sterling* the township did minimal grading and ditching in only one year since 1889. Otherwise the township performed no maintenance. Public use even by a few people was rare, in some years nonexistent, and the road led to a dead end. The *Sterling* court refused to recognize any township interest in Griffin's property. *Id.* at 238, 244 N.W.2d at 134.

In contrast, the Joffer road joins two more heavily traveled public roads. There has been somewhat greater township maintenance and continuous public use. Since 1961 there has been a credit against the farmstead property taxes for road use. This evidence satisfies the MTA standard because the Township's possession was "of a character which would put a prudent person on inquiry." *Id.* at 236, 244 N.W.2d

at 133 (quoting *B.W. & Leo Harris Co. v. City of Hastings*, 240 Minn. 44, 49, 59 N.W.2d 813, 817 (1953)).

2. The court's determination there has been a public dedication will not be disturbed unless clearly erroneous. *Wojahn v. Johnson*, 297 N.W.2d 298, 307 (Minn. 1980). A statutory dedication occurs when:

> any road or portion thereof shall have been used and kept in repair and worked for at least six years continuously as a public highway, the same shall be deemed dedicated to the public to the width of two rods on each side of the center line thereof and be and remain, until lawfully vacated, a public highway whether the same has ever been established as a public highway or not * * *.

Minn. Stat. § 160.05 (1980) (amended 1982). The record contains ample evidence of continuous public use for the last six years. Farmers and hunters have used the road seasonally, local residents traveled the road sporadically except in winter. Public use may be established by a small number of persons. *Leeper v. Hampton Hills, Inc.*, 290 Minn. 143, 146, 187 N.W.2d 765, 768 (1971). Maintenance was performed when necessary. The fact that every part of the road was not worked or that the road was closed in winter does not mandate a contrary result. *Id.* at 146, 187 N.W.2d at 767–68; *Anderson v. Birkeland*, 229 Minn. 77, 82, 38 N.W.2d 215, 219 (1949). Until erecting the gates, Joffers never interfered with public use. The right to travel was available to all, even strangers. These circumstances clearly indicate a public dedication. *See, Daugherty v. Sowers*, 243 Minn. 572, 576, 68 N.W.2d 866, 869 (1955).

3. The court enjoined Joffers from blocking or interfering with the public use of the road. Certainly this encompasses activity such as erecting gates. The court made no finding that Joffer's irrigation blocked the road or interfered with public use. At oral argument, this use appeared to be the major issue. Our independent review of the record reveals that Joffers' irrigation does not materially interfere with

public use because it is infrequent and shortlasting. For these reasons, Joffers may continue to irrigate in the same manner as before they erected the gates.

## DECISION

The Marketable Title Act does not bar Northfork Township from asserting an unrecorded interest in the road. The evidence supports the trial court's conclusion that there was a statutory public dedication of the road. Joffers may continue reasonable use of the road for irrigation. We affirm.