Henry B. HENLY, et al., Respondents,

v.

COUNTY OF CHISAGO, Respondent,

City of Branch, Defendant,

Township of Lent, Appellant,

Glenn Rehbein Farms, Inc., et al., Respondents,

Elton Benson, et al., Involuntary Plaintiffs.

Henry B. HENLY, et al., Respondents,

v.

COUNTY OF CHISAGO, Respondent,

City of Branch, Defendant,

Township of Lent, Respondent,

Glenn Rehbein Farms, Inc., et al., Appellants,

Elton Benson, et al., Involuntary Plaintiffs.

Nos. C5–84–2156, C5–84–2173.

Court of Appeals of Minnesota.

July 16, 1985.

James F. Shiely, Jr., Gearin & Shiely, P.A., St. Paul, for Henry B. Henly, et al.

Phil Anderson, pro se.

Mark N. Jennings, Christensen, Jennings & Sicheneder, P.A., North Branch, for Township of Lent.

Jeffrey L. Knutson, St. Paul, for Glenn Rehbein Farms, Inc., et al.

Heard, considered and decided by POPO-VICH, C.J., and FOLEY and CRIPPEN, JJ.

## OPINION

FOLEY, Judge.

Respondent landowners commenced a declaratory judgment action against the County of Chisago, City of Branch, Township of Lent, Glenn Rehbein Farms, Inc., and Glenn Rehbein Excavation, Inc. (Rehbein), seeking a determination that a public road had been established over an area two miles long and four rods wide on either side of the center line lying between Sections 34 and 35 of Township 35, Range 21, in the City of Branch and Sections 2 and 3 of Township 34, Range 21, in the Township of Lent. Respondents alleged that both Branch and Lent are liable for the completion, maintenance and repair of the road and also requested an injunction ordering Branch and Rehbein to refrain from obstructing the free flow of traffic on the road.

The trial court granted judgment to respondents. Lent and Rehbein filed separate appeals, and the cases were consolidated. We affirm.

## FACTS

Lent and Branch share a six-mile boundary line along Sections 1–6, Township 34, Range 21 (Lent) and Sections 31–36, Township 35, Range 21 (Branch).[1] On September 16, 1895, a cartroad two rods wide was established by the Lent Township Board of Supervisors on the east one-half mile of the northern section line of Section 2, Township 34, Range 21. The cartroad order was filed in the Chisago County Recorder's Office in 1973.

On January 6, 1903, the Chisago County Board of Commissioners established a road two miles long. The road was to run along

---

1. Chisago County, wherein both Branch and Lent lie, was dismissed from this action by respondents.

the town line between Lent and Branch and encompass the two-mile length between Sections 34 and 35 of Township 35, Range 21 (Branch) and Sections 2 and 3 of Township 34, Range 21 (Lent). This document was never recorded.

On the same date, the Chisago County Board of Commissioners ordered the Chisago County Auditor to notify the town supervisors of each town through which the road was to be located that they should open as much of the highway as was located in their town.

Documentary evidence was presented at trial that on several occasions between 1904 and 1929, the governmental bodies of Lent and Branch agreed to build, maintain, and repair portions of the road on the town line. Between 1951 and 1959 Lent made repairs to the road, including replacing culverts and building up the road with dirt. Additionally, in 1974, 1979, and 1980 the governing bodies of both Branch and Lent discussed repairing the road.

Testimonial evidence was introduced that during the 1920's and 1930's the town line road was used by farmers, hunters, meat peddlers, and cattlers in the area. Since the 1930's the road has been used regularly by snowmobilers, hunters, berrypickers, farmers, woodcutters, and for other recreational purposes. The road has been used by law enforcement personnel, government surveyors and game wardens. In the late 1960's a commercial business was located on the property on the south side of the town line road on the east one-half mile of the two miles in question. The road was used by the customers of that business.

Respondent Henry Henly uses the road for access to his cabin, which is located on the south side of the town line road. Deliveries are made to his cabin by the road.

In 1966 Lent authorized the placing of a "road closed" sign at the east entrance of the town line road because of the poor condition of the road. The sign was later ordered removed by Lent because of complaints from the public.

Ditches are visible on both sides of the entire two-mile stretch of the road in question. When Glenn Rehbein first purchased his land in 1967–1968, he noticed vehicle tracks running on the west 2,000 feet of the town line.

In the late 1960's Rehbein went before the Branch City Council seeking permission to erect a gate on the west end of the town line road to prevent vandalism to his property. Branch assented on condition that he not lock the gate. When Rehbein subsequently locked the gate, he was directed by Branch to unlock it. Respondent Phil Anderson testified that in 1979 Rehbein admitted to him he knew the road was public.

The trial court found the property at issue was established as a four-rod-wide public road by the Chisago County Board in 1903 and that it was established as a public road by common-law dedication no later than 1928. The court also found that Branch and Lent are not entitled to assert the Marketable Title Act as a defense in this case. In addition, the court found that the "personal possession" exception of the Marketable Title Act applies to overcome a conclusive presumption of abandonment. Finally, it permanently enjoined Branch and Rehbein from obstructing access to the road.

## ISSUE

1. Did the trial court err in finding that respondents had established the existence of a public road?

2. Did the trial court err in finding the "personal possession" exception of the Marketable Title Act applies to overcome a conclusive presumption of abandonment?

## DISCUSSION

### I

■ As a preliminary issue, Lent indicates that it objected to introduction of the 1895 cartroad order and the 1903 county road order into evidence and contends the trial court did not rule on the objections. Arguing that the trial court can only rely upon the evidence presented at trial in

reaching its findings, *First Trust Company of Saint Paul v. N.P. McLean*, 254 Minn. 75, 81, 93 N.W.2d 517, 521 (1958), Lent argues that any determination that a road existed by virtue of the existence of either instrument is reversible error.

We agree with respondents that the court by its findings and decision clearly ruled in their favor as to the admissibility of the two exhibits and find no error.

Both Lent and Rehbein contend the trial court erred in finding that the existence of the 1895 cartroad order and the 1903 County Road Order established the existence of a public road.

▪ Town roads are defined by Minn. Stat. § 160.02, subd. 6 (1984), as:

[T]hose roads and cartways which have heretofore been * * * established, constructed, or improved under the authority of the several town boards, roads established, constructed, or improved by counties that have been maintained by the towns for a period of at least one year prior to July 1, 1957.

*See also* Minn.Stat. § 164.01 (1984). The 1895 Lent cartroad order and 1903 Chisago road order indicate a road was to be established at the location in question. Evidence was also presented that Branch and Lent maintained and improved the road periodically between 1903 and 1957. Thus, the evidence supports the trial court's findings and conclusions that statutory requirements for a town road were met.

▪ Appellants also dispute the trial court's determination that the land in question became a public road by common-law dedication. By this theory a public road is established if (1) a landowner intends (either expressly or impliedly) to have his land appropriated and devoted to the public use, and (2) there is public acceptance of the land for that use. *See, e.g., Bengtson v. Village of Marine on St. Croix*, 310 Minn. 508, 509, 246 N.W.2d 582, 584 (1976); *Flynn v. Beisel*, 257 Minn. 531, 540, 102 N.W.2d 284, 291 (1960).

When the evidence conflicts as to whether dedication has taken place, the question is "peculiarly one for the finder of fact." *Flynn* at 540, 102 N.W.2d at 291. "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Minn.R.Civ.P. 52.01; *see also Ortendahl v. Bergmann*, 343 N.W.2d 309, 311 (Minn.Ct. App.1984).

Rehbein argues there is no evidence in this case of any express intent of the landowners to dedicate any portion of the land to Branch or Lent. Express intent is not necessary.

[The] requisite intent need not be express and in fact need not actually exist in the owner's mind, but may be implied from acts and conduct of the owner which are unequivocally and convincingly indicative of a dedication and upon which the public has a right to and does rely.

*Flynn*, 257 Minn. at 540, 102 N.W.2d at 291.

▪ The record indicates that public meetings were held periodically between 1904 and 1928 to determine how to establish the road and which township would be responsible for repair and maintenance of the road. In addition, actual maintenance work was performed on the road. No property owner who held title to land abutting the road during that time objected to establishment of the road; thus, their intent to dedicate can be implied.

▪ Public acceptance can be shown by public travel on the dedicated road or by acts of public officials in improving and maintaining the road. *Bengtson*, 310 Minn. at 509, 246 N.W.2d at 584; *Anderson v. Birkeland*, 229 Minn. 77, 84, 38 N.W.2d 215, 220 (1949). Travel by a limited number of the public is sufficient. *Anderson* at 82, 38 N.W.2d at 219.

Common use by the public is the very highest kind of evidence of public acceptance of a dedication * * *. A presumption of equal strength may well be drawn from an actual assumption of care and control of the alleged highway by the

public authorities by grading, working or bridging upon it.

*Bengtson,* 310 Minn. at 509, 246 N.W.2d at 584 (footnotes omitted).

▆▆ The evidence showed substantial and continuous public use of the road from at least 1923 through the late 1960's. In addition, both Lent and Branch have repaired the road and exercised control over it periodically during this century. These facts sufficiently establish the public acceptance criterion. We hold, therefore, that the trial court did not err by finding a common-law dedication.

## II

Appellants argue that even if a road were at one time established on the town line between Lent and Branch, Minn.Stat. § 541.023 (1984), the Marketable Title Act (MTA), prevents respondents from asserting their claim.

Minn.Stat. § 541.023 states in relevant part:

> Subdivision 1. * * * As against a claim of title based upon a source of title, which source has then been of record at least 40 years, no action affecting the possession or title of any real estate shall be commenced by a person, partnership, corporation, state, or any political division thereof, after January 1, 1948, to enforce any right, claim, interest, incumbrance or lien founded upon any instrument, event or transaction which was executed or occurred more than 40 years prior to the commencement of such action, unless within 40 years after such execution or occurrence there has been recorded in the office of the county recorder or filed in the office of the registrar of titles in the county in which the real estate affected is situated, a notice sworn to by the claimant or his agent or attorney * * *.
>
> *         *         *         *         *         *
>
> Subd. 5. * * * Any claimant under any instrument, event or transaction barred by the provisions of this section shall be *conclusively presumed* to have

*abandoned* all right, claim, interest, encumbrance or lien based upon such instrument, event or transaction; and the title in the name of any adverse claimant to the real estate which would otherwise be affected thereby shall not be deemed unmarketable by reason of the existence of such instrument, event or transaction; it being hereby *declared as the policy of the state of Minnesota that,* except as herein provided, *ancient records shall not fetter the marketability of real estate.*

The application of the MTA to a road established by common-law dedication has never been decided directly in Minnesota, although the Minnesota Supreme Court has applied the statute in a case involving statutory dedication. *See Ravenna Township v. Grunseth,* 314 N.W.2d 214 (Minn.1981). In *Ravenna* the court stated in dictum that if common-law dedication had been proven in that case, the MTA would have applied. *Id.* at 219 n. 6. Thus, the applicability of the MTA must be determined in this case.

Appellants argue that under subdivision 5, Branch and Lent are conclusively presumed to have abandoned the road because of their failure to record their right of way with the office of the registrar of titles before January 1, 1948, or within 40 years of establishment of the road. The trial court found that Branch and Lent are in possession of the property and consequently subdivision 6 of the MTA prevents enforcement of the Act in this case.

> Subdivision 6 states in relevant part: This section shall not * * * bar the rights of any person, partnership or corporation *in possession of real estate.*

Since it is admitted that the interests of Branch and Lent in the town line road were not recorded within 40 years of the road's establishment, a conclusive presumption of their abandonment of the road exists unless the possession exception applies. *See Ravenna Township* at 219; *Township of Sterling v. Griffin* 309 Minn. 230, 235, 244 N.W.2d 129, 133 (1976); *Wichelman v.*

*Messner,* 250 Minn. 88, 112, 83 N.W.2d 800, 819 (1957).

> "Possession" must be present, actual open, and exclusive and must be inconsistent with the title of the person who is protected by this section. It cannot be equivocal or ambiguous but must be of a character which would put a prudent person on inquiry.

*Wichelman* at 118, 83 N.W.2d at 823 (citing *B.W. & Leo Harris Co. v. City of Hastings,* 240 Minn. 44, 49, 59 N.W.2d 813, 816 (1953)). The possession contemplated by subdivision 6 "is such as will provide notice of the possessor's interest in the property." *Township of Sterling,* 309 Minn. at 236, 244 N.W.2d at 133.

Appellants cite two Minnesota Supreme Court decisions in which evidence of possession of a town road by a township was held insufficient to put a prudent person on inquiry notice. *See Township of Sterling* and *Ravenna Township.* Appellants urge that the facts of this case are similarly insufficient to find that Lent and Branch were in possession of the town road as contemplated by subdivision 6.

In *Township of Sterling* the township sought to enjoin landowners from interfering with a portion of a town road established in 1889. The evidence indicated the township did nothing toward the physical establishment of a roadway across the disputed portion of the road except for some "minimal grading" and some "slight ditching." *Id.* at 237, 244 N.W.2d at 134. Moreover, "the area in question was not maintained as a roadway, as that term is normally used in conjunction with road care * * *." *Id.* Road checks by the town did not include the disputed section of the road, and it was not snowplowed. *Id.* Furthermore, the evidence indicated the public was not using the road, and a witness who used the road did not know whether it was public or private. *Id.*

*Ravenna Township* similarly involved an action by a township to enjoin landowners from interfering with an allegedly public road. The disputed road was described as a "two-rutted trail" used by farmers in the early 1900's and by fishermen and hunters from the middle 1930's until recently. *Id.* at 216. In the late 1970's the trail was occasionally used by ice fishermen who generally asked permission. *Id.*

At the time the landowners purchased property abutting the alleged road, they were told the "trail" was privately owned. *Id.* "No trespassing" and "keep out" signs were posted on the property, and the prior owner had limited access to the trail by a permit system. *Id.* After several trespassing incidents, the landowners erected a gate across the "trail" and issued keys to a select few without consulting the township.

■ On these facts the court found that neither township showed sufficient possession of the roads to satisfy the requirements of subdivision 6. We find that the facts of this case distinguish it from *Township of Sterling* and *Ravenna Township* and sustain the trial court's finding that sufficient evidence of possession of the road by the town and public exists to overcome a conclusive presumption of abandonment.

The record in this case shows that Lent and Branch several times agreed to repair or officially discussed maintaining the road since its establishment. During the 1950's Lent replaced culverts, built up the road and otherwise repaired it. In addition, both Lent and Branch have exercised control over the road. In the 1960's Lent authorized the placing of a "road closed" sign at the entrance to the road and later responded to complaints from the public by having it removed. Branch granted Rehbein permission to erect a gate across the road and later told him to unlock the gate.

The evidence also indicated that the public has used the road consistently and substantially for different purposes without seeking permission from owners of the land abutting the road. The road has been used for commercial or business purposes by farmers, hunters, cattlers and merchants. It has also been used for recreational purposes and by governmental workers. Patrons of a commercial business

have used the road freely and deliveries have been made by area merchants.

Furthermore, the evidence suggests that Rehbein knew the road was public when he purchased his property in the late 1960's and acted consistently with that knowledge. Knowledge of the existence of a road is a factor to be considered in determining possession. *Township of Sterling*, 309 Minn. at 237, 244 N.W.2d at 134.

At the time he purchased the property, Rehbein was aware that vehicle tracks were on the town line road and ditches were adjacent to it. Rehbein understood that the public was entitled to access to the inner properties by way of the town line road because after he purchased the property he asked the Branch City Council for permission to put up a gate on the road to prevent vandalism. When Rehbein locked the gate, Branch directed him to unlock it, and he complied.

We agree with the trial court that these facts demonstrate that Rehbein had at least inquiry notice and probably actual knowledge of the public right of way when he purchased his property. Viewing the evidence in the light most favorable to respondents, *see, e.g., Edin v. Josten's, Inc.*, 343 N.W.2d 691 (Minn.Ct.App.1984), we hold that possession of the road by Lent and Branch was sufficiently shown under subdivision 6 to overcome the conclusive presumption of abandonment set forth in subdivision 5 of the MTA.

The trial court also found Lent and Branch are not included within the group of persons the legislature intended to protect when it passed the MTA and cannot now assert it as a defense to the establishment of a public road. The court also held that although Rehbein was in a proper position to assert the MTA, it sought to enforce the law against an inappropriate party. We do not reach these issues, however, because of our holding that Branch and Lent have been and are in possession of the road.

## DECISION

The trial court did not err in finding the existence of a public road in the area in question. Nor did the trial court err in finding that the possession exception in subdivision 6 of the MTA applies to overcome a conclusive presumption of abandonment by Lent and Branch.

Affirmed.