The TOWNSHIP OF
VILLARD, Respondent,

v.

George HOTING, et al., Appellants.

No. C5–89–85.

Court of Appeals of Minnesota.

July 11, 1989.

Randolph T. Brown, Long Prairie, for respondent.

Lance R. Heisler, Staples, for appellants.

Considered and decided by WOZNIAK, C.J. and PARKER, and KALITOWSKI, JJ., without oral argument.

## OPINION

PARKER, Judge.

Appellants challenge the trial court's declaratory judgment that the road which passes through their Villard Township properties had been established at four rods in width by common law dedication and thereafter was sufficiently used as a public road. We affirm.

## FACTS

In early 1918, seven persons petitioned Villard Township to lay out a new road, four rods in width, across the lands owned by three of the petitioners. The petitioners produced affidavits showing they had caused notice to be given to all occupants of the land through which the road might pass. The township's supervisors acted on the petition by holding a public hearing. Thereafter, they determined that the public interest would be promoted by the proposed road. On June 10, 1918, the supervisors granted the petitioners' request and executed a final road order establishing "a public road [f]our rods wide." The township filed the supervisors' original executed road order in its township books and filed an executed duplicate with the Todd County Auditor. On the same day the supervisors "laid out and plowed up" the full width of the road. Thereafter, the supervisors awarded the three affected owners $20 each for damage sustained from laying out the road across their lands.

The laid-out road provides access to the south side of the Crow Wing River from State Highway No. 10 and has been designated as Township Road No. 26. During the 1950's, people north of the river crossed it and used the road to travel to Staples or Motley. From at least 1964, the township has removed snow from the road. In the late 1970's, a school bus began using the road. In the last six years, the road has also been heavily used by the public for access to the river.

Ditches run the length of the road on either side and a culvert runs perpendicularly underneath it. These improvements have been in existence since the late 1950's. For most of its length the road is lined with trees on one side and a fence on the other at distances approximately two rods from the center of the road. The fence was installed in the 1960's by a private landowner.

None of the appellants owned their properties before 1963. When appellant Robert Hamann took title to his property, the deed stated that his title was subject to the road's right-of-way. The title conveyed to George Hoting described the property's easterly boundary as terminating 40 feet west of the section line. The road's center line was originally platted to run along the section line but the center line of the road, as laid out, deviates slightly from the original plat.

Several of the appellants claim that they have mowed grass, cleared weeds, brush and dead trees, and pruned trees, without compensation, on the ditches abutting the road's surface.

The township commenced this declaratory judgment action after the appellants objected to the clearing of brush and trees from their yards, which they claim extend to the road's surface. The trial court determined that the road was established by common law dedication as a public road, four rods in width. In addition, the court found that the Marketable Title Act's conclusive presumption of abandonment was overcome by the township's and the public's possession and use of the road so as to have put any prudent person on inquiry notice.

## ISSUE

1. Did the trial court err in applying the principle of common law dedication?

2. Did the trial court err in applying the possession exception of the Marketable Title Act?

## DISCUSSION

Appellants claim the trial court's judgment is affected by errors of law. By common law dedication and the Marketable Title Act, they contend that the public acquires only that portion of the right-of-way that is "actually used." Alleging that the road's ditches have not been actually used, appellants maintain that the width of the road established should be limited to that actually traveled upon, i.e., 20 to 22 feet.

■ Appellants' arguments present the court with questions of law. On questions of law, appellate review is de novo. *See Doe v. Minnesota State Board of Medical Examiners*, 435 N.W.2d 45, 48 (Minn.1989).

### I

■ The determination of a road's width solely from its actual usage is applicable when a public road has been established by a statutory prescriptive use dedication. *See Barfnecht v. Town Board of Hollywood Township*, 304 Minn. 505, 508, 232 N.W.2d 420, 423 (1975); *see also* Minn. Stat. § 160.05, subd. 1 (1988) (when any road has been used and kept in repair as a public road by a road authority for at least six years continuously, it shall be deemed dedicated to the public to the width of the actual use). Here, the landowners petitioned for and consented to the public's use of the road. As a result, there can be no prescriptive use dedication. *See Shinneman v. Arago Township*, 288 N.W.2d 239, 243 (Minn.1980) (statutory prescriptive use dedication may be stopped by physical actions intended to or sufficient to close the land against public use).

■ By common law dedication, a public road (and its width) is established from (1) a landowner's intent (express or implied) to have his land appropriated and devoted to a public use; and (2) the public's acceptance of that use. *Bengtson v. Village of Marine on St. Croix*, 310 Minn. 508, 509, 246 N.W.2d 582, 584 (1976). The "requisite intent * * * may be implied from acts and conduct of the owner which are unequivocally and convincingly indicative of a dedication and upon which the public has a right to and does rely." *Flynn v. Beisel*, 257 Minn. 531, 540, 102 N.W.2d 284, 291 (1960).

■ The record indicates that all three affected landowners petitioned the township for a new road four rods in width and received monetary compensation for damages sustained when the road was laid out. Such unequivocal conduct evidences the landowners' intent to have their lands appropriated and devoted to a public use. Public acceptance of a common law dedication can be shown by the acts of public officials in improving and maintaining the road. *Bengtson*, 310 Minn. at 509, 246 N.W.2d at 584.

The record also discloses that upon the township's determination that the public's interest would be served, it physically laid out the road and has maintained it ever since. These facts establish that the township actually accepted the road dedication.

### II

■ It was established law that upon the manifestation of intent to dedicate and upon the public's acceptance of the use dedicated, the common law dedication became instantly effective and irrevocable.

*See Anderson v. Birkeland,* 229 Minn. 77, 83–84, 38 N.W.2d 215, 220 (1949); *see also Bengtson,* 310 Minn. at 509, 246 N.W.2d at 584. However, pursuant to the Marketable Title Act (MTA), a township must comply with the requirement that it record properly its possessory interest in a public road within 40 years of the road's establishment or it will be presumed to have abandoned its right to the road. *Township of Sterling v. Griffin,* 309 Minn. 230, 234–35, 244 N.W.2d 129, 132–33 (1976); *see* Minn.Stat. § 541.023 (1988). Villard Township concedes that its right-of-way interest in the road was not recorded within 40 years of the road's establishment.[1]

 The MTA's presumption of abandonment applies *unless* the "possession" exception of the Act, subdivision 6, can be invoked. *See Henly v. County of Chisago,* 370 N.W.2d 920, 924 (Minn.Ct.App.1985) (applying the MTA to a road established by common law dedication). In order to prove the exception, a township must show that its possession is present, actual, open and exclusive. The possession cannot be equivocal or ambiguous, but must be of a character which would put a prudent person on inquiry. *Township of Sterling,* 309 Minn. at 236, 244 N.W.2d at 133 (quoting *B.W. & Leo Harris Co. v. City of Hastings,* 240 Minn. 44, 49, 59 N.W.2d 813, 816 (1953)).

The record in this case contains sufficient evidence of such continuous public use of the road as to put each of the appellants on inquiry. Between 1918 and 1956 the road was graded, and ditches and a culvert were installed. Shortly thereafter, the township undertook responsibility for plowing snow from the road and has continued to provide such service. The public has consistently and increasingly used the road for different purposes without seeking permission from owners of the abutting lands.

Additionally, the record demonstrates that every appellant has had inquiry notice of the road's width. The tree and fence lines along the road physically mark the road's approximate width. *Cf. Ingelson v. Olson,* 199 Minn. 422, 422, 272 N.W. 270, 271 (1937) (construing a road order in light of fixed monuments or boundaries on the land). It is more than coincidental that the width between these landmarks is approximately four rods. *See* Op. Att'y Gen. 377B (Dec. 16, 1966) (stating that, in 1915, all roads established by town boards were required to be at least four rods in width). Moreover, the record indicates that appellants Hamann and Hoting were each expressly placed on inquiry notice of the road's width by the legal descriptions contained in their deeds of title. We therefore conclude that each of the appellants had inquiry notice of the road's four-rod width when they purchased their respective properties.

The record reveals no evidence that appellants' use of the laid-out road up to the road's surface materially interferes with the public's use of the road. *See Northfork Township v. Joffer,* 353 N.W.2d 216, 218–19 (Minn.Ct.App.1984) (reasonable use of the public road for irrigation did not materially interfere with the public's use because it was infrequent and shortlasting). Therefore, appellants' use cannot be taken as adverse or hostile to the public's right to claim the full width of four rods. *See Hrdlicka v. Haberman,* 140 Minn. 124, 128, 167 N.W. 363, 365 (1918) (plaintiff's use of land up to the actual traveled part of road not adverse or hostile to public's right to full width of four rods).

## DECISION

The trial court did not err in concluding that there has been a common law dedication of a road four rods in width and that it

1. Prior to the 1973 amendment of Minn.Stat. § 541.023, the statute provided that the order establishing a town road "shall be recorded by the town clerk, and a copy thereof preserved in the county auditor's office." Minn.Stat. § 164.07, subd. 11 (1971). The 1973 amendment requires the town clerk to file the order "for record with the register of deeds or registrar of titles of the county within which the land and premises are located." 1973 Minn. Laws, c. 24 § 1. The provision requiring filing with the county auditor was for tax assessment purposes and not for public notice purposes. *Township of Sterling v. Griffin,* 309 Minn. 230, 233–34, 244 N.W.2d 129, 132 (1976).

has been so sufficiently possessed and used as to put each of the appellants on inquiry notice of the road's full width.

Affirmed.