*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0647**

Lowell V. Plooster, et al.,
Respondents,

vs.

Julie M. Nelson,
defendants and third party plaintiffs,
Appellants,

vs.

Mark Plooster,
third party defendant,
Respondent.

**Filed January 9, 2017
Affirmed
Schellhas, Judge**

Hennepin County District Court
File No. 27-CV-14-19766

Stephen W. Hance, Hance Law Firm, Ltd., Wayzata, Minnesota (for respondents)

Curtis D. Smith, Moss & Barnett, Minneapolis, Minnesota (for appellants)

        Considered and decided by Larkin, Presiding Judge; Schellhas, Judge; and Jesson, Judge.

**UNPUBLISHED OPINION**

**SCHELLHAS**, Judge

Appellants challenge the district court's conclusion that a paved right-of-way adjacent to their property is open for public use because of a common-law dedication. We affirm.

**FACTS**

This appeal concerns a land dispute between appellants Timothy and Julie Nelson (the Nelsons) and their neighbors, respondents Lowell and Rene Plooster (the Ploosters).[1] The Nelsons own property in Plymouth that they purchased in 2012 from the estate of Lynes Getten. The Nelsons' property is located immediately to the north of the Ploosters' property. Running between the two properties is a paved right-of-way known as 9th Avenue North. Although the properties are adjacent, they are located in different plats. The Nelsons' property was platted in 1941 in the City View Acres 2nd Unit plat, while the Ploosters' property is in the adjacent Burl Oaks plat. The right-of-way is located entirely within the City View Acres 2nd Unit plat, in which the original owners "donate[d] and dedicate[d] to the public use forever, the avenue, road and drive as shown on the annexed plat."

The Ploosters built a home on their property in 1979 with a north-facing garage and a driveway connecting to the right-of-way. The Ploosters, their family, and their guests have used the right-of-way to access their northern driveway and garage throughout their

---

[1] Rene Plooster died after the trial occurred.

2

ownership. The Ploosters and Gettens never opposed each other's use of the right-of-way during the three decades that they were neighbors.

When the Nelsons purchased their property in 2012, they initially desired to build a new home on the lot. As part of their plan, they considered having the right-of-way vacated and turned into a green space, which would have eliminated the portion of the right-of-way connecting to the Ploosters' northern driveway and garage. Without discussing their plan with the Ploosters, the Nelsons contacted the City of Plymouth in the spring of 2014 to request that the right-of-way be vacated. The city responded that it could not recommend vacation because it wanted to preserve public access to Gleason Lake to the east.

In the summer of 2014, the Nelsons considered selling their property and hired a realtor. By July, the Nelsons had received a purchase offer contingent on the buyer's ability to vacate the right-of-way. Despite knowing the city's position regarding vacation of the right-of-way, the Nelsons entered into a purchase agreement with the prospective buyer. On August 10, the Nelsons and the Ploosters' son, Mark Plooster, who was assisting his parents, met to discuss the use of the right-of-way but were unable to reach an agreement. The Nelsons' buyer therefore canceled the purchase agreement.

The Nelsons subsequently informed Mark Plooster that they intended to park their vehicles in the right-of-way, which would obstruct the Ploosters' access to their garage. Mark Plooster, on behalf of his parents, strongly objected, stating that neither the Nelsons nor the Ploosters could park their vehicles in the right-of-way. By letter, the Nelsons reaffirmed their intent to continue to block the right-of-way and threatened legal action if the Ploosters refused to relinquish their right to use the right-of-way. The Ploosters then

sued the Nelsons, and the Nelsons counterclaimed and sued Mark Plooster as a third-party defendant. The Nelsons sought a judicial declaration that they are the owners of the right-of-way and that the Ploosters have no right of use.[2]

Following a bench trial, the district court concluded that the Nelsons are the fee owners of the right-of-way, subject to a public right of use because of a common-law dedication. The court enjoined the Nelsons from engaging in conduct that infringes upon the public's right of use. After the court issued its order, the Ploosters alleged that the Nelsons continued to block the right-of-way with their vehicles. The court issued an order clarifying that the Nelsons may not park their vehicles in the right-of-way.

This appeal follows.

## DECISION

The Nelsons argue that the district court erred by concluding that the right-of-way was dedicated to the public. "The question of public dedication is one of fact, and a [district] court's determination on the matter will not be reversed unless it is clearly erroneous." *Wojahn v. Johnson*, 297 N.W.2d 298, 307 (Minn. 1980). When determining whether a fact-finding is clearly erroneous, this court must "examine the record to see if there is reasonable evidence in the record to support the [district] court's findings." *Rasmussen v. Two Harbors Fish Co.*, 832 N.W.2d 790, 797 (Minn. 2013) (quotation

---

[2] The Nelsons also brought claims of tortious interference with prospective contractual relationships, unjust enrichment, and trespass. The district court rejected each claim, and the Nelsons do not raise any issues related to these claims on appeal. For reasons not clear from the record, Mark Plooster nevertheless has not been dismissed from the action.

omitted). A finding will not be set aside unless this court is "left with the definite and firm conviction that a mistake has been made." *Id.* (quotation omitted).

A road may be dedicated to the public by user, by statutory dedication, or by common-law dedication. *Bengtson v. Village of Marine on St. Croix*, 310 Minn. 508, 509, 246 N.W.2d 582, 584 (1976). Although the City View Acres plat states that the right-of-way is "dedicate[d] to the public use forever," the Ploosters did not present a statutory-dedication theory to the district court and instead argued only common-law dedication. Under a common-law dedication, a public road is established when a landowner intends, either expressly or impliedly, to have his land appropriated and devoted to public use and the public accepts the land for that use. *Id.* at 509, 246 N.W.2d at 584. Public acceptance may be shown by public travel on the road or by the acts of public officials in improving and maintaining the road. *Id.*

The Nelsons argue that because the Ploosters did not include a common-law dedication claim in their initial or amended complaint, they are precluded from relying on that theory. "A trial court . . . is required to base relief on issues either raised by the pleadings or litigated by consent." *Folk v. Home Mut. Ins. Co.*, 336 N.W.2d 265, 267 (Minn. 1983); *see also* Minn. R. Civ. P. 15.02 ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."). "Consent is commonly implied either where a party fails to object to evidence inadmissible with respect to issues raised by the pleadings or where he puts in his own evidence relating to nonpleaded issues." *Id.* While the Nelsons are correct that the Ploosters' complaints do not explicitly present a common-law

5

dedication claim, the Ploosters presented the theory to the district court in their pretrial proposed findings of fact and the parties argued the issue at trial. The Nelsons did not object to the absence of the common-law dedication theory in the complaint. Based on the record before us, we therefore conclude that the Nelsons impliedly consented to litigate the common-law dedication claim.

The Nelsons next argue that because the road was dedicated to the public in the City View Acres plat, the district court should have analyzed the issue under the rules applicable to statutory dedication. The gist of the Nelsons' argument is that the Ploosters have no right of use under a statutory dedication because the supreme court's decision in *Bolen v. Glass* allegedly permits the owners of an unopened road dedicated by plat to exclude users who own land outside of the plat. 755 N.W.2d 1 (Minn. 2008).

We do not address the merits of the Nelsons' claim because they have failed to show that the district court erred by resolving the issue under a common-law dedication theory. The Nelsons provide no authority suggesting that the district court erred by concluding that the public may use the right-of-way because of a common-law dedication without first addressing whether the plat created a statutory dedication. Rather, Minnesota caselaw indicates that the dedication theories are not exclusive. *See Bengtson*, 310 Minn. at 509, 246 N.W.2d at 584 ("A public road may be established *not only* pursuant to Minn. [Stat. §] 160.05 (by user) or Minn. [Stat. §] 164.15 (by statutory dedication), *but also by* common-law dedication." (emphasis added)); *cf. Bosell v. Rannestad*, 226 Minn. 413, 418, 33 N.W.2d 40, 44 (1948) ("[Dedication by statutory user] is not exclusive and did not supersede the common-law rule of dedication of a highway to public use."); *Wojahn*, 297

6

N.W.2d at 306–07 n.4 ("Among the differences between statutory and common-law dedication, however, is that no specific time period of public use and maintenance is required for a common-law dedication. All that is required is that intent and acceptance coincide, and thus dedication may be made instantly.").

The district court concluded that a common-law dedication exists because the plat expressly dedicates the right-of-way for public use and the public has accepted the dedication, as evidenced by the fact that the Ploosters, the Gettens, and other neighbors and guests have used the right-of-way for over three decades. We conclude that the district court's conclusion is supported by its findings and the law.

**Affirmed.**